UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ARINDAM KAR, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:23-CV-207 RLW |
| | ) |
| SAFECO INSURANCE COMPANY OF AMERICA, et al. | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This removed diversity case is before the Court on Defendant Liberty Mutual Insurance Company's ("Liberty Mutual") Motion to Dismiss. (ECF No. 6.) Plaintiffs Arindam Kar and Shanna Kar ("Plaintiffs") oppose the motion. Liberty Mutual did not file a reply memorandum and the time to do so has passed, so the motion is fully briefed. Because Plaintiffs' Petition fails to states a plausible claim for relief against Liberty Mutual, the motion to dismiss will be granted.

**Factual and Procedural Background**

This case arises from a claim for property damage to the Plaintiffs' home located in St. Louis, Missouri, that Plaintiffs allege occurred during a storm on or about July 9, 2021. The case was filed in St. Louis City Circuit Court and was removed by defendants Liberty Mutual and Safeco Insurance Company of America ("Safeco") on February 21, 2023, pursuant to 28 U.S.C. §§ 1441, 1446, and 1332(a)(1).

Defendant Safeco issued a homeowners policy of insurance coverage for Plaintiffs' residence. Plaintiffs' Petition (ECF No. 5) alleges that Safeco is a New Hampshire corporation

registered to do business in Missouri and Liberty Mutual is a Massachusetts company registered to do business in Missouri. (Id. at 2, ¶¶ 4, 6.) Plaintiffs allege that both defendants are in the business of insuring real property in the City of St. Louis against certain losses, including hail and storm damage. (Id. ¶¶ 5, 7.) Plaintiffs also allege that "[u]pon information and belief Defendant Liberty Mutual owns, controls, or otherwise operates Defendant Safeco Insurance as a 'Liberty Mutual' company." (Id. ¶ 8.) Plaintiffs allege that Safeco and Liberty Mutual agreed to insure their residence pursuant to the policy at issue. (Id. at 11, ¶ 73.)

The Petition asserts state law claims for breach of contract, vexatious refusal to pay insurance claim pursuant to Missouri Revised Statutes §§ 375.420 and 375.296, and equitable estoppel to deny coverage. Plaintiffs' claims are directed against both defendants.

The Petition references three exhibits, the "Safeco Insurance/Liberty Mutual" Homeowners Policy No. OZ4896364 at issue, designated as Exhibit 1 (ECF No. 5 at 3, ¶ 12); a home inspection report prepared by Architective Home Inspections, Ltd., designated as Exhibit 2 (id. at 5, ¶ 32); and an inspection and estimate from St. Louis Slate & Tile Roofing Company, designated as Exhibit 3 (id. at 6, ¶ 40). It does not appear that Plaintiffs filed the three exhibits with their Petition in state court, as no exhibits accompany the Petition attached to the Notice of Removal as part of the state court record (ECF No. 1-1), or the Petition as docketed in this Court. (ECF No. 5.)

Plaintiffs submit three exhibits with their opposition to Liberty Mutual's motion to dismiss. These are a Safeco Homeowners Policy, not including a declarations page (Ex. 1, ECF No. 12-1); a Safeco Insurance Company of America claim denial letter (Ex. 2, ECF No. 12-2); and a Missouri Secretary of State's Office 2023-2024 Biennial Registration Report for Safeco Insurance Company of America (Ex. 3.)

Defendant Liberty Mutual filed its motion to dismiss and, a few minutes later, filed its joint Answer (ECF No. 8) with Defendant Safeco. Liberty Mutual's motion asserts it is entitled to be dismissed from this action because it did not issue the homeowners insurance policy to the Plaintiffs, it is not a real defendant party in interest, and it is merely alleged to be the parent corporation of Safeco and cannot be liable on that basis.

**Legal Standard**

"To survive a motion to dismiss for failure to state a claim, the complaint must show the plaintiff 'is entitled to relief,' Fed. R. Civ. P. 8(a)(2), by alleging 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" In re Pre-Filled Propane Tank Antitrust Litig., 860 F.3d 1059, 1063 (8th Cir. 2017) (en banc) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). In reviewing a Rule 12(b)(6) motion, the Court accepts all factual allegations as true and construes all reasonable inferences in the light most favorable to the nonmoving party. Usenko v. MEMC LLC, 926 F.3d 468, 472 (8th Cir. 2019). The Court does not, however, accept as true a plaintiff's conclusory allegations or legal conclusions drawn from the facts. Waters v. Madson, 921 F.3d 725, 734 (8th Cir. 2019).

The complaint must "allege sufficient facts that, taken as true, 'state a claim to relief that is plausible on its face.'" K.T. v. Culver-Stockton Coll., 865 F.3d 1054, 1057 (8th Cir. 2017) (alteration in original) (quoting Iqbal, 556 U.S. at 678) (internal quotation marks omitted).  A facially plausible claim is one "that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." Wilson v. Ark. Dep't of Human Servs., 850 F.3d 368, 371 (8th Cir. 2017) (internal quotation omitted). In addressing a motion to dismiss, a court "may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached

to the pleadings, and matters of public record." <u>Mills v. City of Grand Forks</u>, 614 F.3d 495, 498 (8th Cir. 2010) (cited case omitted).

**Discussion**

As a threshold issue, Liberty Mutual's filing of an Answer immediately after its motion to dismiss does not moot the dismissal motion. <u>See</u> 5B Charles Alan Wright & Arthur R. Miller, <u>Federal Practice & Procedure</u> § 1347 at n.2, Westlaw (database updated April 2023) ("Rule 12(b) encourages the responsive pleader to file a motion to dismiss before pleading, but it does not prohibit the filing of the motion with the party's answer.") (citing <u>Beary v. W. Publ'g Co.</u>, 763 F.2d 66, 68 (2d Cir. 1985)).

    A.  <u>Liberty Mutual's Motion to Dismiss</u>

Turning to the merits of the motion to dismiss, Liberty Mutual states that the policy at issue in Plaintiffs' Petition was issued by Defendant Safeco, not Liberty Mutual, and that only Safeco is Plaintiffs' insurer. Liberty Mutual asserts that a primary requirement for any breach of contract or vexatious refusal to pay claim under Missouri statutes is a contractual relationship between the plaintiff and the defendant, which is lacking here. Liberty Mutual further argues that taken as true, Plaintiffs' allegation that Liberty Mutual owns, controls, or otherwise operates Safeco as a "'Liberty Mutual' company" is insufficient to state a claim against it, because the general rule in Missouri is that parent corporations are not liable for the acts of their subsidiary corporations, and courts ordinarily protect the separate legal identities of individual corporations, even if one corporation owns all or part of another.

In opposing the motion to dismiss, Plaintiffs point to the reference at the top of the first page of the Safeco Homeowners Policy (ECF No. 12-1), to "Safeco Insurance, A Liberty Mutual

Company." Plaintiffs point to a similar reference on the first page of the claim denial letter (ECF No. 12-2).[1]

Finally, Plaintiffs cite to Safeco's Biennial Registration Report filed with the Missouri Secretary of State (ECF No. 12-3), compare this to the list of corporate officers on Liberty Mutual's website, and assert that "every person listed as an officer and director for Safeco is an officer for Liberty Mutual." (ECF No. 12 at 3.) Plaintiffs conclude, "Clearly, Safeco is controlled and operated by Liberty Mutual and its senior management." (Id.) Safeco's filings with the Missouri Secretary of State and Plaintiffs' representations as to Liberty Mutual's officers are not matters embraced by the pleadings. Plaintiffs' final argument asks the Court to examine matters outside the pleadings on the motion to dismiss, which the Court declines to do.

For purposes of resolving the motion to dismiss, the Court accepts as true Plaintiffs' factual allegations that Liberty Mutual owns Safeco and that Safeco holds itself out as "A Liberty Mutual Company." Plaintiffs' allegation that Liberty Mutual "controls or otherwise operates" Safeco is a legal conclusion, however, and the Court does not accept this as true for purposes of the motion to dismiss.[2] See Waters, 921 F.3d at 734.

In a diversity action, state law governs the rules for construing contractual agreements. Orion Fin. Corp. of S. Dak. v. American Foods Group, Inc., 281 F.3d 733, 738 (8th Cir. 2002).

---

[1]The Court will consider the claim denial letter in resolving this motion to dismiss because it is embraced by the pleadings, though it was not attached to the Petition. See, e.g., Davis v. Washington Univ. in St. Louis, 960 F.3d 478, 484, n.3 (8th Cir. 2020) (district court properly considered certain plan documents on a motion to dismiss "because they are 'embraced by the pleadings.'" Further, Liberty Mutual did not file a reply memorandum and therefore has not contested the authenticity of the denial letter.

[2]Under applicable Missouri law, a fact-intensive inquiry is required to determine the degree of control held by a dominant corporation over a subsidiary one. See, e.g., Collet v. American Nat'l Stores, Inc., 708 S.W.2d 273, 284 (Mo. Ct. App. 1986) (employing eleven factors that indicate parent corporation's degree of control over subsidiary); A.O.A. v. Rennert, 350 F.Supp.3d 818, 836 (E.D. Mo. 2018) (citing Collet).

The parties appear to agree that Missouri law governs this action. In determining the scope of Missouri law, the Court is bound by the decisions of the Missouri Supreme Court. Taylor v. St. Louis County Bd. of Election Comm'rs, 625 F.3d 1025, 1027 (8th Cir. 2010). Decisions from the Missouri Court of Appeals are also relevant and "must be followed when they are the best evidence of Missouri law." Id. at 1028, n.2 (quoting Bockelman v. MCI Worldcom, Inc., 403 F.3d 528, 531 (8th Cir. 2005)).

"'To establish a submissible case of breach of contract, a plaintiff must first establish the existence of an agreement.'" Viacom Outdoor, Inc. v. Taouil, 254 S.W.3d 234, 238 (Mo. Ct. App. 2008)) (quoting Gateway Exteriors, Inc. v. Suntide Homes, Inc., 882 S.W.2d 275, 279 (Mo. Ct .App. 1994)); Midwest Bankcentre v. Old Republic Title Co. of St. Louis, 247 S.W.3d 116, 128 (Mo. Ct. App. 2008) ("The elements that must be proven in order for a party to recover for breach of contract are: (1) the existence of an enforceable contract between the parties; (2) mutual obligations arising under the terms of the contract; (3) one party's failure to perform the obligations imposed by the contract; and (4) the resulting damage to the other party.") (citing McClain v. Papka, 108 S.W.3d 48, 53 (Mo. Ct. App. 2003)). "In order for a contract to be formed, the parties must mutually assent to its terms." Gateway Exteriors, 882 S.W.2d at 279.

Here, Plaintiffs contend they entered into an insurance contract with Liberty Mutual based on their factual allegations that Safeco holds itself out as "A Liberty Mutual Company," and that Liberty Mutual owns Safeco. Accepting these allegations as true, and allowing Plaintiffs all reasonable inferences therefrom, the allegations are insufficient to establish the existence of a contractual relationship between Plaintiffs and Liberty Mutual, or Liberty Mutual's potential liability for Safeco's actions.

Under Missouri law, "two separate corporations are regarded as wholly distinct legal entities, even if one partly or wholly owns the other." Blanks v. Fluor Corp., 450 S.W.3d 308, 375 (Mo. Ct. App. 2014) (citing Cent. Cooling & Supply Co. v. Dir. of Revenue, State of Mo., 648 S.W.2d 546, 548 (Mo. 1982); Mid–Missouri Tel. Co. v. Alma Tel. Co., 18 S.W.3d 578, 582 (Mo. Ct. App. 2000); Grease Monkey Intern., Inc., v. Godat, 916 S.W.2d 257, 262 (Mo. Ct. App. E.D. 1995) ("In the eyes of the law, two different corporations are two different persons. This is true even if one corporation is the sole shareholder of the other.")).

"Correspondingly, a parent corporation is normally not liable for the acts of its subsidiary corporations." Blanks, 450 S.W.3d at 375 (citing Mid–Missouri Tel. Co., 18 S.W.3d at 582). "The mere existence of a parent-subsidiary relationship, without more, does not subject a parent corporation to liability for acts of the subsidiary." Id. (citing Sedalia Mercantile Bank and Trust Co. v. Loges Farms, Inc., 740 S.W.2d 188, 202 (Mo. Ct. App. 1987)). "Ordinarily, courts protect the separate legal identities of individual corporations, even if one corporation owns a part or all of the other." Id. (citing Collet v. American Nat'l Stores, Inc., 708 S.W.2d 273, 283 (Mo. Ct. App. E.D. 1986)).

There are exceptions to this general rule, including the equitable doctrine of piercing the corporate veil and agency, but the Missouri Supreme Court has emphasized that the parent-subsidiary separation should be "ignored with caution and only when the circumstances clearly justify it." Blanks, 450 S.W.3d at 375 (citing Doe 1631 v. Quest Diagnostics, Inc., 395 S.W.3d 8, 18 (Mo. 2013) (en banc) (quoting Cent. Cooling & Supply, 648 S.W.2d at 548)).

To pierce the corporate veil , a plaintiff must prove the following three elements:

(1) Control, not mere majority or complete stock control, but complete domination, not only of finances, but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own; and

7

(2) Such control must have been used by the defendant to commit fraud or wrong, to perpetrate the violation of a statutory *or other positive legal duty*, or dishonest and *unjust* act in contravention of plaintiff's legal rights; and

(3) The aforesaid control and breach of duty must proximately cause the injury or unjust loss complained of.

Doe 1631, 395 S.W.3d at 18 (quoting Collet, 708 S.W.2d at 284); Kirk v. Schaeffler Group USA, Inc., 887 F.3d 376, 388 (8th Cir. 2018) (same).

With respect to agency, "A corporation does not become an agent of another corporation merely because a majority of its voting shares is held by the other." State ex rel. Ford Motor Co. v. Bacon, 63 S.W.3d 641, 642 (Mo. 2002) (en banc) (quoting Restatement (Second) of Agency § 14M). "Therefore, *an agency relationship between a parent and its subsidiary may only be established if the elements of an agency relationship exist*." Id. (quoting Restatement (Second) of Agency § 14).

Here, the Petition's factual allegations, accepted as true and allowing Plaintiffs all reasonable inferences therefrom, fail to allege anything other than that Liberty Mutual owns Safeco. This is insufficient to allege the existence of a contractual relationship between Plaintiffs and Liberty Mutual, or to permit a reasonable inference that Liberty Mutual may be liable for Safeco's actions. Consequently, Plaintiffs fails to state a claim for breach of contract against Liberty Mutual.

Because Plaintiffs do not state a claim for breach of the insurance contract against Liberty Mutual, they also cannot state a claim for statutory vexatious refusal to pay. To establish a vexatious refusal claim pursuant to §§ 375.296 and 375.420 of the Missouri Revised Statutes, a plaintiff must "prove that: (1) [it] had an insurance policy with [insurer]; (2) [insurer] refused to pay; and, (3) [insurer's] refusal was without reasonable cause or excuse." Dhyne v. State Farm

Fire & Cas. Co., 188 S.W.3d 454, 457 (Mo. 2006) (en banc). Plaintiffs' vexatious refusal claim fails at the first element. Similarly, Plaintiffs cannot assert a claim for equitable estoppel to deny coverage against Liberty Mutual in the absence of an insurance policy with it.

  B. <u>Plaintiffs' Request to Amend</u>

  Plaintiffs' opposition memorandum includes an alternative request to amend their complaint, but does not include a proposed amended complaint or state how Plaintiffs would amend the complaint. (ECF No. 12 at 5.) Although leave to amend should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), "plaintiffs do not have an absolute or automatic right to amend." <u>U.S. ex rel. Lee v. Fairview Health Sys.</u>, 413 F.3d 748, 749 (8th Cir. 2005). "[I]n order to preserve the right to amend the complaint, a party must submit the proposed amendment along with its motion." <u>Geier v. Missouri Ethics Comm'n</u>, 715 F.3d 674, 678 n.4 (8th Cir. 2013) (quoting <u>Clayton v. White Hall Sch. Dist.</u>, 778 F.2d 457, 460 (8th Cir. 1985)). The Eighth Circuit has repeatedly held that district courts do not abuse their discretion in denying leave to amend where the plaintiff did not submit a proposed amended complaint and merely asked for leave to amend in its response to a motion to dismiss. <u>See, e.g., Minneapolis Firefighters' Relief Ass'n v. MEMC Electronic Materials, Inc.</u>, 641 F.3d 1023, 1030 (8th Cir. 2011); <u>In re 2007 Novastar Financial, Inc., Secs. Litig.</u>, 579 F.3d 878, 884-85 (8th Cir. 2009); <u>Popoalii v. Correctional Med. Servs.</u>, 512 F.3d 488, 497 (8th Cir. 2008) (citing <u>Wolgin v. Simon</u>, 722 F.2d 389, 394 (8th Cir. 1983)).

  Plaintiffs' alternative request for leave to amend will be denied.

**Conclusion**

  For the reasons discussed above, the Court will grant Defendant Liberty Mutual's motion to dismiss, because Plaintiffs fail to allege facts sufficient to establish that they have an insurance

9

policy or contractual relationship with Liberty Mutual, or that Liberty Mutual may be responsible for the acts of Defendant Safeco. Plaintiffs' alternative request for leave to amend is denied because they did not submit a proposed amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Liberty Mutual Insurance Company's Motion to Dismiss (ECF No. 6) is **GRANTED**.

An Order of Partial Dismissal will accompany this Memorandum and Order.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 24th day of July, 2023.