# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| ARINDAM KAR, et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-CV-207 HEA |
| | ) | |
| SAFECO INSURANCE COMPANY | ) | |
| OF AMERICA, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs Arindam and Shanna Kar's Motion to Compel Discovery. (ECF No. 92). Plaintiffs move, pursuant to Fed. R. Civ. P. 37, for an Order compelling Defendant Safeco Insurance Company of America ("Safeco") to provide full and complete discovery responses to their Initial Interrogatories and First Request for Production of Documents. Safeco opposes the motion. Also before the Court is Defendant Safeco's Motion for Protective Order and third-party Liberty Mutual Insurance Company's Motion for Protective Order, which the Court construes as a motion to quash. (ECF Nos. 114 and 115). Plaintiffs oppose these two motions. Plaintiffs also filed a Motion to Amend the Case Management Order ("CMO"), which Defendant Safeco opposes. These four motions are fully briefed and ripe for review. For the reasons that follow, Plaintiffs'

Motion to Compel is granted in part and denied in part; Safeco's Motion for Protective Order is denied without prejudice; Liberty Mutual Insurance Company's motion to quash is denied without prejudice, and Plaintiffs' Motion to Amend the CMO is granted in part and denied in part.[1]

## I.      Background

This case arises from a claim for property damage to the Plaintiffs' home, which is located in St. Louis, Missouri.  Defendant Safeco issued a homeowner's policy to Plaintiffs that was in effect in 2021. Plaintiffs, who are husband and wife, allege that from July 9, 2021 into the early morning of July 10, 2021, a storm caused damage to their residence. Plaintiffs submitted a claim to Safeco for hail and wind damage to their historic clay tile roof.

Defendant hired Thomas Veasey, a contract inspector, to inspect the roof. Mr. Veasey determined there was minor wind damage, the amount of which was below Plaintiffs' deductible, but no hail damage. Plaintiffs requested that Defendant re-examine their roof because they contend there was significant hail damage. In response, Defendant hired Rimkus Engineering to inspect the roof. Rimkus

---

[1]Also before the Court is Plaintiffs' Motion to Shorten Time for Thomas Veasey of Sedgewick to Respond to Amended Subpoena *Duces Tecum*. (ECF No. 75).  Plaintiffs' motion is denied as moot as the time to respond to the amended subpoena *duces tecum* has already passed. Liberty Mutual also filed a Motion to Strike or, in the Alternative, for Leave to File a Separate Reply to Plaintiffs' Duplicate Filing.  (ECF No. 125). Plaintiffs filed two documents in response to Liberty Mutual's combined Motion for Protective Order and Memorandum in Support, and the Court agrees that ECF No. 121 should be stricken from the record for filing error as it is in violation of E.D. Mo. L.R. 4.01(B).

Engineering sent professional engineer Wesley Hamilton to conduct the inspection. Mr. Hamilton found evidence of old hail damage to the 116-year-old clay tile roof, but no new hail damage.

Plaintiffs disagreed and obtained two proposals for replacing their roof. In March 2022, the cost of replacing the roof was estimated to be approximately $424,000.00, and in November 2023, the estimate, which was from a different company, was $644,000.00. Ultimately, Safeco denied Plaintiffs' claim for coverage under their homeowner's policy.

Plaintiffs filed suit against Safeco and Liberty Mutual Insurance Company ("Liberty Mutual") in St. Louis City Circuit Court. The Petition asserts state law claims for breach of contract, vexatious refusal to pay insurance claim pursuant to Missouri Revised Statutes §§ 375.420 and 375.296, and equitable estoppel to deny coverage. On February 21, 2023, Defendants removed the suit to this Court pursuant to 28 U.S.C. §§ 1441, 1446, and 1332(a)(1) on the basis of diversity jurisdiction.

Liberty Mutual filed a Rule 12(b)(6) motion to dismiss for failure to state a claim, which the Honorable Ronnie L. White granted on July 23, 2023.[2] The Court found Plaintiffs failed to allege facts sufficient to establish that they had an insurance policy or contractual relationship with Liberty Mutual, or that Liberty Mutual may be responsible for the acts of Safeco. Liberty Mutual was dismissed from this suit.

---

[2]Judge White retired on July 31, 2024, and the case was assigned to the undersigned.

The Court entered a CMO, and the parties have engaged in pretrial discovery. A number of discovery disputes have arisen between Plaintiffs and Safeco and between Plaintiffs and Liberty Mutual, which is no longer a party to this suit. The Court will first address Plaintiffs' Motion to Compel and then turn to Safeco's Motion to for a Protective Order and Liberty Mutual's motion to quash. The Court will then address Plaintiffs' Motion to Amend the CMO.

## II.    *Legal Standard*

Rule 26 of the Federal Rules of Civil Procedure governs the scope of discovery in federal court, which provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

"The scope of discovery under Rule 26(b) is extremely broad. *Gowan v. Mid Century Ins. Co.*, 309 F.R.D. 503, 508 (D.S.D. 2015) (citing 8 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* §§ 2007, 3637 (1970)). "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Relevancy

in this context "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Jo Ann Howard & Assocs., P.C. v. Cassity*, 303 F.R.D. 539, 542 (E.D. Mo. 2014) (citation and quotation omitted). After the proponent of discovery makes a threshold showing of relevance, the party opposing a motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper. *Id.* (citing *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992), *St. Paul Reinsurance Co. v. Com. Fin. Corp.*, 198 F.R.D. 508, 511–12 (N.D. Iowa 2000)). The party must demonstrate to the court "that the requested documents either do not come within the broad scope of relevance defined pursuant to Rule 26(b)(1) or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Id.* (quoting *Burke v. New York City Police Dep't,* 115 F.R.D. 220, 224 (S.D.N.Y. 1987)).

## III. Discussion

### A. Plaintiffs' Motion to Compel

As in initial matter, Plaintiffs' counsel, Sheldon Korlin, certifies in Plaintiffs' Motion to Compel that he attempted in good faith to resolve the disputes at issue in Plaintiffs' Motion to Compel, and that these attempts were made through written

correspondence, emails, and telephone conferences with Safeco's counsel.   In support of this assertion, Plaintiffs' counsel attached copies of letters and over 100 pages of emails to the Motion to Compel. Defense counsel attached to Safeco's Response in Opposition to the Motion to Compel additional copies of letters and emails between counsel.[3]   The Court has scanned the parties' exhibits, and they support a finding that the parties' attorneys participated in at least one telephone conference in a good faith attempt to resolve the discovery disputes at issue in Plaintiffs' Motion to Compel.  Therefore, the Court finds that Plaintiffs have met the requirements of Eastern District of Missouri Local Rule 3.04(A), which requires a conference in person or by telephone.

The Court now turns to the merits of Plaintiffs' Motion to Compel. Having carefully reviewed Plaintiffs' motion and the legal memoranda in support and opposition, the Court grants in part and denies in part Plaintiffs' Motion to Compel as follows:

---

[3]The Court has two issues with the parties' exhibits.  First, neither side has complied with Court's CM/ECF Procedures Manual. Every exhibit attached to a filing must be labeled with both an exhibit designation and a brief description of the exhibit.  *See* Section II.F. of the Court's CM/ECF Procedures Manual.  The instructions that appear in red text on the filing screens reiterate this requirement.  In the future, any document that does not comply with this requirement will be stricken for filing error.

Second, the parties attached copies of well over a hundred pages of emails and written correspondence to their motions and memoranda.  The Court has not and will not wade through emails and correspondence between counsel to ascertain the parties' positions as to the substantive issues at bar. Any argument regarding the discovery disputes at issue must be made in the parties' legal memoranda.  In the future, the parties should refrain from filing copies of emails and written correspondence between counsel.

<u>Requests for Production Nos. 1 and 2</u>: Provide the entire personnel files for all persons who played a role in the underwriting of the subject policy, issuance of the policy, and the denial of the Plaintiffs' claim for property damage.

Plaintiffs argue these documents are relevant as to "what knowledge these people had about the Kars' Residence, its prior condition and what company employed them and paid them is directly relevant to the issues in this case." (ECF No. 93 at 4). Defendant Safeco responds that there is nothing in the pleadings that would put information found in personnel files at issue in this case. It points to the fact that this is a breach of contract case over a homeowner's insurance policy, not an employment discrimination suit. Defendant Safeco argues that the privacy of the individual employees should be weighed against Plaintiffs' speculative and dubious need for this information, and the there are other methods of obtaining the information Plaintiffs seek.

The Court agrees with Safeco that personnel files are unlikely to contain information as to what employees knew about the Plaintiffs' residence. The Court does concur with Plaintiffs that personnel records are likely to contain information as to which entity employs which employee. That said, Plaintiffs have not explained sufficiently why that is relevant to their claim. Plaintiffs contract is with Safeco, not Liberty Mutual. Furthermore, personnel files are likely to contain payroll information, disciplinary records, and possibly even health information – information that is very personal and entirely irrelevant to this suit. The Court

concludes that what limited relevant information Plaintiffs seek in these two document requests can be obtained through an interrogatory or deposition testimony, and the privacy interests of employees outweigh the Plaintiffs' interest in the personnel files, even with the Agreed Protective Order in place.[4] The Court sustains Safeco's objections to Requests No. 1 and 2.

> Request for Production No. 3: Produce all materials, claims manuals, training materials, seminar materials, memoranda, directives, letters, claims guidelines, written claims evaluation policies and other forms of written communication directed to claims personnel, claims managers, claims supervisors, or any other person acting on behalf of Defendant Safeco in handling of claims, that refer or relate in any way to the handling of claims generally or to the handling of property damage claims for the last seven (7) years, including without limitation:
>
> a.    the documents reflecting Defendant Safeco's claims adjusting and settlement policies as they existed at all times Plaintiffs claims was open; and
>
> b.    the documents reflecting any subsequent changes of policy.

Plaintiffs assert that the documents they seek in this request are relevant as to whether or not Safeco followed its own claims procedures, guidelines, and policies in adjusting and deciding to deny their claim for hail, wind and storm damage to their home.   Safeco objects that the request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence because it lacks a

---

[4]On September 9, 2024, the Court entered an Agreed Protective Order, which allows certain protections for discovery materials that are designated as "confidential."  (ECF No. 89).

reasonable subject matter limitation, has no geographic limitation, and has an arbitrary time limitation. Safeco also argues that the request is not proportional to the needs of this case. Safeco further objects that the request seeks documents that are confidential and proprietary.

The Court agrees with Safeco that this document request is extremely broad and not reasonably limited in temporal scope or subject matter. The Court sustains this objection and will limit the document request. In all other respects, Safeco's objections are overruled. The Court grants Plaintiffs' Motion to Compel as to Request for Production No. 3 with the limitation that Safeco shall produce all documents that reflect claims procedures, guidelines and/or policies that Safeco relied upon in adjusting and deciding to deny Plaintiffs' claim for hail, wind and storm damage to their residence.

> Request for Production No. 7: Produce all documents of any kind including, but not limited to, claims manuals, claims evaluation software, claims guidelines, claims rules and claims training materials by which Defendant Safeco communicated claims handling and investigatory procedures to its employees from January 1, 2021, to the present.

Plaintiffs make the same relevancy argument regarding this request as they did for Request for Production No. 3. Safeco objects that the request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence because it has no subject matter limitation that relates to the type of claim at issue in

this case and no geographic limitation. It also objects that the request seeks documents that are proprietary and confidential.

The Court agrees with Safeco that this document request is overly broad and would encompass numerous documents would be entirely irrelevant to this dispute. The Court sustains this objection and will limit the request. In all other respects, Safeco's objections are overruled.  The Court grants Plaintiffs' Motion to Compel as to Request for Production No. 7 with the limitation that Safeco shall produce all documents that reflect claims handling and investigatory procedures that Safeco used in adjusting and deciding to deny Plaintiffs' claim for hail, wind and storm damage to their residence.

> Requests for Production Nos. 25-28: Provide a copy of all documents of any kind describing, evidencing, or reflecting each inconsistent interpretation by Defendant of the following provisions of the policy form used for the Plaintiffs' homeowner's policy:

> - "Coverage A - Building Property Losses We Cover" (Request No. 25);
>
> - "Coverage A - Building Property Losses We Do Not Cover" (Request No. 26);
>
> - "Coverage D – Additional Property Coverages" (Request No. 27); and
>
> - "Property Conditions, Section 7, Appraisal" (Request No. 28).

Plaintiffs argue that these document requests seek highly relevant information. They argue that if "Defendant Safeco applied inconsistent

interpretations to the policy provisions at issue upon the Kars' Property Damage claim for their home on other claims by other insureds with similar damage claims, such evidence is both relevant and material to the case at hand and whether Defendant Safeco denied the claim to the Kars in good faith."  (ECF No. 93 at 3). Safeco objects to these document requests on the grounds that they are vague. Subject to that objection, Safeco stated it had no such documents.

The Court agrees with Safeco that these document requests are vague.  It is unclear from the requests what Plaintiffs intend by the term "inconsistent interpretation."  Are they asking for documents in other claim files that contain interpretations of the respective terms that are different from how the terms were interpreted in Plaintiffs' own claim, or are they looking for inconsistent interpretations across different claims in general?  The Court also agrees with Safeco that it is unclear whether Plaintiffs are limiting the requests to claims involving roof damage and/or damage from hail damage.  The terms Plaintiffs pull from the policy are very broad, and certainly there would be "inconsistencies" across claims depending on the structures involved and the type and cause of the damage.  Finally, it is not surprising that Safeco takes the position that it has interpreted its policy consistently across all claims, and there are no documents that are responsive to these requests.    The Court will not require Safeco to self-identify undefined

inconsistencies in the way it handles claims.  The Court sustains Safeco's objections to Requests No. 25-28.

> Requests for Production Nos. 29-39: Provide a copy of all documents of any kind describing, evidencing, or concerning the communications by Defendant with other insureds in the last five years about Defendant's interpretation of the following provisions of the policy form used for the Plaintiffs' homeowner's policy:

- "Property Coverages" (Request No. 29);

- "insured location" (Request No. 30);

- "replacement cost" (Request No. 31);

- "resident premises" (Request No. 32);

- "dwelling" (Request No. 33);

- "other structures" (Request No. 34);

- "Buildings We Do Not Cover" (Request No. 35);

- "Building Property Losses We Cover" (Request No. 36);

- "Building Property Losses We Do Not Cover" (Request No. 37);

- "Additional Property Coverage" ((Request No. 38); and

- "Appraisal" (Request No. 39);

Plaintiffs again argue that the information sought in these document requests is relevant to Plaintiffs' claim that Defendant Safeco did not handle their claim in good faith. Plaintiffs contend that "inconsistent application and interpretation of policy terms is directly relevant, material and probative upon the issue of whether Defendant Safeco's conduct in this case is vexatious."  (ECF No. 116 at 9).

Safeco objects to these document requests on the grounds that they are overly broad with no reasonable limitations as to subject matter or time.  Safeco also argues that production of the requested discovery would be unduly burdensome and not proportionate to the needs of this litigation.

The Court agrees with Safeco that these document requests are overly broad and not proportional to what is at issue in this case.  Rule 26(b)(1) was amended in 2015 to include a "proportionality" requirement for the parties and the court to consider in resolving discovery disputes. Fed. R. Civ. P. 26. The amendment, however, does not "alter the basic tenet that Rule 26 is to be liberally construed to permit broad discovery." *Prime Aid Pharmacy Corp. v. Express Scripts, Inc.,* No. 4:16-CV-1237 (CEJ), 2017 WL 67526, at *4 (E.D. Mo. Jan. 6, 2017) (quoted case and internal citation omitted).  "[T]he existing allocation of burdens to show undue burden or lack of proportionality have not fundamentally changed." *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 743 (8th Cir. 2018) (quoted case omitted). "A party claiming requests are unduly burdensome cannot make conclusory allegations, but must provide some evidence regarding the time or expense required." *Id.* (quoted case omitted).

The factors for determining whether requested information is proportional to the needs of the case include: the importance of the issues, the amount in controversy, the parties' relative access to the information and their resources, the

importance of the discovery in resolving the issues, and whether the burden or expense of producing the discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). *See also Duhigg v. Indus.*, No. 8:15CV91, 2016 WL 4991480, at *3 (D. Neb. Sept. 16, 2016) (in opposition to plaintiff's motion to compel, defendant provided information regarding the hours and expense of reviewing responsive documents).

In support of its argument, Defendant submits the affidavit of Andrea Polo-McCullough, a Manager at Coverage and Litigation Services for Liberty Mutual, who attests that she is familiar with and has knowledge of the record keeping system used by both Liberty Mutual and Safeco, including data points and what search capabilities are available to search for information in claim files.  (ECF No. 105, Ex. 3 at 1).  Ms. Polo-McCullough attests that there is no means by which to conduct an electronic search for the information Plaintiffs seek in Requests Nos. 29-39.  She attests that in order to obtain this information, Safeco employees and/or contractors would need to review by hand "potentially tens of thousands of claim files" to identify the responsive information, and assuming just 10,000 files, this would require 10,000 hours of time at $25.00 an hour for a total a cost of $250,000.  (*Id.* at 4).  Plaintiffs respond by pointing to the fact that the replacement cost of their roof is over $600,000.00, and they argue that they have no other means of accessing this information.

Plaintiffs are requesting all document concerning communications with other insureds about terms that are extremely common in the insurance industry.  Terms such as "coverage," "replacement cost," and "appraisal" are likely to be found in every claim file.  Safeco is a national company, and the Court has no reason to doubt Ms. Polo-McCullough's statement that in order to obtain the documents Plaintiffs seek, Safeco would need to review tens of thousands of claim files, particularly when Plaintiffs are asking for documents that contain such common terms.  And while the requests are limited to five years, there are no geographic limitations, or limits on the type of claim, such as the cause of the damage, and/or the part of the structure involved.  The Court finds these requests could uncover some documents that might be relevant to Plaintiffs' claims, but the requests are likely to encompass thousands of documents that are entirely irrelevant to this suit, and the burden on Safeco to produce these documents would substantial.  Therefore, the Court concludes that the burden and expense of producing these documents far outweigh their likely benefit.  Furthermore, in their filings with the Court, Plaintiffs do not propose limiting to these document requests to alleviate some of Safeco's burden.  The Court declines to formulate any such limitations, and it sustains Safeco's objections to Requests No. 29-39.

> Request for Production No. 42: A copy of factors utilized by Defendant in selecting policy forms for use in the Plaintiffs' policy.

Defendant Safeco objects to this document request on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence because it has no relevance to the claims or defenses at issue. Defendant further object that it is not proportional to the needs of this case. In their filings with the Court, Plaintiffs indicate that this document request remains at issue, but they do not address it specifically. Plaintiffs do not explain what documents they are seeking and why they are relevant. Plaintiffs fail to meet a threshold showing of relevancy, and the Court sustains Safeco's objections to Request No. 42.

> Requests for Production Nos. 43, 44, and 45: All documents that describe, evidence, or concern the facts upon which Defendant concluded the shingles of the roofing system, the different parts and systems of the main residence, and the carriage house structure of the Plaintiffs' property did not sustain hail and storm damage on July 10, 2021.

Safeco does not object to these document requests. Safeco states that in response to these requests, it produced the redacted claim file, along with a privilege log. In their briefs, Plaintiffs argue that Safeco's redactions were improper, but they fail to cite to specific redactions that they contend were improper. The Court has insufficient information to evaluate Plaintiffs' argument that the redactions were improper. Plaintiffs' Motion to Compel with regard to Requests Nos. 43-45 is denied.

> Interrogatory No. 8: During the last 5 years, state the number of times you have retained Rimkus Engineering to examine a roof for hail or wind damage, the number of times the roof was made of clay tile, the

16

number of times Rimkus Engineering concluded that hail or wind damaged the roof in question, the number of times the hail damaged roof in question was made of clay tile, and the total amount paid for Rimkus Engineering for all the work performed.

Plaintiffs argue that this interrogatory is relevant because it goes to the issue of whether Rimkus Engineering, which is the employer of one of the experts in this case, is financially motived to make findings favorable to Safeco, and whether there is indeed a pattern to Rimkus Engineering's findings. The Court agrees that the information Plaintiffs seek is relevant to this dispute.  Plaintiffs have met the relevancy threshold, and the Court overrules Safeco's relevancy objection.

Defendant further objects that the interrogatory is overly broad because it has no geographic limitation and an arbitrary temporal limit.  The Court finds that a five-year limitation is reasonable, and the interrogatory is sufficiently limited in scope in that it is limited to roof inspections with hail and/or wind damage.  Lastly, Defendant objects that the interrogatory is unduly burdensome and disproportionate to the needs of the case, because it has no means to do an electronic search in the record keeping systems for some of the information sought, and Safeco would be required to review approximately 1000 claims files to find and identify the responsive information. Finding that the information Plaintiffs seek in this interrogatory is relevant to this suit, and based on the amount in controversy and the parties' relative access to this information, the Court finds that the burden or expense of producing the discovery does not outweigh its likely benefit.  Defendant Safeco's objections

are overruled.  The Court will grant Plaintiffs' Motion to Compel as to Interrogatory No. 8.

### B. Defendant Safeco's Motion for Protective Order

Safeco moves for a protective order regarding topics in Plaintiffs' notice for a Rule 30(b)(6) organizational deposition.  Under Rule 26(c), a party may move for a protective order pertaining to discovery requests in order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "The party moving for the protective order" – here, Safeco– "has the burden to demonstrate good cause for issuance of the order." *Buehrle v. City of O'Fallon, Mo.*, No. 4:10-CV-509 AGF, 2011 WL 529922, at *2 (E.D. Mo. Feb. 8, 2011).  To show good cause, "the parties seeking protection must show that specific prejudice or harm will result if no protective order is granted." *Id.* "Because of liberal discovery and the potential for abuse, the federal rules 'confer[] broad discretion on the [district] court to decide when a protective order is appropriate and what degree of protection is required.'" *Misc. Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 30, 36 (1984)).

On August 27, 2024, Plaintiffs served Safeco with a notice of deposition for a Rule 30(b)(6) organizational deposition to take place on September 30, 2024.[5]  On September 20, 2024, Safeco sent objections to Plaintiffs' Rule 30(b)(6) deposition notice to Plaintiffs' counsel.  Safeco objected to a number of the topics and to the in-person deposition taking place on September 30, 2024.  Safeco also objected that the date did not provide the company with sufficient time for witnesses, and that defense counsel was not available on that date.  Based on the parties' filings, it appears that the deposition did not go forward.

Under Fed. R. Civ. P. 30(b)(6), a party seeking an organizational deposition must describe with reasonable particularity in the notice of deposition matters for examination.  "Before or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination."  Fed. R. Civ. P. 30(b)(6).  This requirement was added in 2020 in an effort to avoid "overlong or ambiguously worded lists of matters for examination and inadequately prepared witnesses." *See id.*, 2020 Amendment Advisory Committee Notes.  The amendment forces "[c]andid exchanges about the purposes of the deposition and the organization's information structure[, which may in turn] clarify and focus the matters for examination, and enable the organization to

---

[5]Safeco failed to attach copies of the deposition notice, the list of topics, and its objections to the topics to its combined Motion for Protective Order and Memorandum in Support.

designate and to prepare an appropriate witness or witnesses, thereby avoiding later disagreements." *Id.*

Safeco states in its Motion that defense counsel has conferred with Plaintiffs' counsel in an effort to resolve the parties' discovery dispute. In support of this contention, it attached the affidavit of attorney Shannon E. Smith. The Court has carefully reviewed the affidavit and finds that it is insufficient to meet the requirements of either E.D. Mo. L.R. 3.04(A) or Fed. R. Civ. P. 30(b)(6). Ms. Smith references no in-person or telephonic conference between counsel regarding the Plaintiffs' Rule 30(b)(6) Notice of Deposition that is directed at Safeco. The Court denies Safeco's Motion for Protective Order without prejudice for failure to comply with E.D. Mo. L.R. 3.04(A) and Fed. R. Civ. P. 30(b)(6).

### C. Liberty Mutual's Motion for Protective Order

Liberty Mutual moves for a protective order regarding topics in a subpoena for a Rule 30(b)(6) organizational deposition, as well as a subpoena for deposition *duces tecum*.[6] The Court construes this as a motion to quash the depositions. Federal Rule of Civil Procedure 45 governs the issuance of third-party subpoenas in civil actions pending in the federal courts. The Rule requires that "[a] party or attorney

---

[6]Liberty Mutual failed to attach to its combined Motion for Protective Order and Memorandum in Support copies of the subpoena for a Rule 30(b)(6) organizational deposition, the list of topics for the deposition, the subpoena for deposition *duces tecum*, the list of documents requested, and Liberty Mutual's objections. The Court has not found these documents elsewhere in the record.

responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Rule 45(d)(3)(iv) requires a court, on timely motion, to quash or modify a subpoena that subjects a person to such a burden. "A party seeking to quash a subpoena bears the burden to demonstrate that compliance would be unreasonable or oppressive." *Memhardt v. Nationstar Mortg., LLC*, No. 4:17-CV-01411-AGF, 2018 WL 705052, at *2 (E.D. Mo. Feb. 5, 2018) (interim quotations omitted).

In support of its contention that the parties met and conferred regarding this discovery dispute, Liberty Mutual submitted the same affidavit executed by attorney Shannon E. Smith.[7] The Court carefully reviewed the affidavit and again finds that it is insufficient to meet the requirements of either E.D. Mo. L.R. 3.04(A) or Fed. R. Civ. P. 30(b)(6). In her affidavit, Ms. Smith does state that there were "[p]hone and follow up email communications with Sheldon Korlin on August 16, 2024, regarding the Subpoena for Duces Tecum of Wesley Hamilton and Liberty Mutual Insurance Company's communications with Rimkus." (ECF No. 114, Ex. E at 1). But aside from this reference to communications between Rimkus Engineering and Liberty Mutual, there is nothing that would indicate counsel for Liberty Mutual and counsel for Plaintiffs conferred in-person or on a telephone conference about the topics in the Rule 30(b)(6) subpoena or the subpoena *duces tecum*. The Court denies Liberty

---

[7] Liberty Mutual and Safeco are represented by the same counsel in this matter.

Mutual's Motion for Protective Order, which the Court construes as a motion to quash, without prejudice for failure to comply with E.D. Mo. L.R. 3.04(A) and Fed. R. Civ. P. 30(b)(6).

### D. Plaintiffs' Motion to Amend the Case Management Order

Plaintiffs move that the Court extend the deadlines in the CMO.  The Court will grant Plaintiffs' motion in part and extend the discovery completion deadline and dispositive motion deadline.  The Court will not, however, extend the deadline for Plaintiffs to disclose rebuttal experts.  The Court finds Plaintiffs had sufficient time to disclose any rebuttal experts following Safeco's expert disclosures and its expert's deposition.

Accordingly,

**IT IS HEREBY ORDERED** that consistent with the terms of this Memorandum and Order, Plaintiffs Arindam and Shanna Kar's Motion to Compel Discovery is **GRANTED in part and DENIED in part**.  Plaintiffs' Motion is **GRANTED** to the extent that on or before November 29, 2024, Defendant Safeco Insurance Company of America shall produce documents as limited by the Court in response to Requests for Production Nos. 3 and 7, and it shall fully answer, **without objections**, Interrogatory No. 8.  In all other respects, the Motion is **DENIED.**  [ECF No. 92].

**IT IS FURTHER ORDERED** that consistent with the terms of this Memorandum and Order, Defendant Safeco Insurance Company of America's Motion for a Protective Order and Third-Party Liberty Mutual Insurance Company's Motion for a Protective Order, which the Court construes as a motion to quash, are **DENIED without prejudice.**  [ECF Nos. 114 and 115].

**IT IS FURTHER ORDERED** that counsel shall meet and confer, **in person or by telephone**, and they shall genuinely use all best efforts to resolve their differences as to any remaining discovery disputes related to the subpoenas directed at Liberty Mutual Insurance Company and the Rule 30(b)(6) Deposition Notice directed at Safeco Insurance Company of America.

**IT IS FURTHER ORDERED** that Plaintiffs Arindam Kar and Shanna Kar's Motion to Shorten Time to Response to Subpoena Dues Tecum is **DENIED as moot.** [ECF No. 75].

**IT IS FURTHER ORDERED** that Liberty Mutual Insurance Company's Motion to Strike or, in the Alternative, for Leave to File a Separate Reply to Plaintiffs' Duplicate Filing is **GRANTED** to the extent that the Court shall strike Document No. 121 from the record.  In all other respects, the Motion is **DENIED**. [ECF No. 125].

**IT IS FURTHER ORDERED** that Plaintiffs Arindam and Shanna Kar's Motion to Amend the Case Management Order is **GRANTED in part and**

**DENIED in part.** [ECF No. 90]. The Court shall issue a separate Second Amended Case Management Order.

 **IT IS FURTHER ORDERED** that for all future filings, counsel must label all exhibits with both an exhibit designation and a brief description of the exhibit as required by Section II.F. of the Court's CM/ECF Procedures Manual and the instructions in red text on the filing screens.  Failure to comply in the future **will** result in the Court striking nonconforming filings for attorney error.

 Dated this 15th day of November, 2024.

             _____
             HENRY EDWARD AUTREY
            UNITED STATES DISTRICT JUDGE