# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ARINDAM KAR, et al., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:23-CV-207 HEA |
| SAFECO INSURANCE COMPANY OF AMERICA, et al. | ) ) ) ) |
| Defendants. | ) ) |

## OPINION, MEMORANDUM AND ORDER

Again this matter is before the Court on a number of motions related to discovery. Defendant Safeco Insurance Company of America ("Safeco") has filed a Third Motion for Protective Order. (ECF No. 171). In its motion, Safeco seeks to limit the list of topics attached to Plaintiffs' Second Amended Notice of a Rule 30(b)(6) corporate representative deposition. In addition, Safeco filed a motion for sanctions against Plaintiffs pursuant to Rules 11 and 37 of the Federal Rules of Civil Procedure. (ECF No. 172). Also before the Court is Plaintiffs Arindam and Shanna Kar's Motion to Compel the Rule 30(b)(6) Deposition or, in the Alternative, for Sanctions pursuant to Rule 37. (ECF No. 176). Additionally, Plaintiffs filed a "Motion for Supplemental Conference to Discuss Issues of Scheduling and Case Management." (ECF No. 179).

For the reasons that follow, Safeco's Third Motion for Protective Order is granted in part and denied; Safeco's Motion for Sanctions is denied; and Plaintiffs' Motion to Compel and for sanctions is granted in part and denied in part; and Plaintiffs' Motion for Supplemental Conference is denied

## I.     Background

This is not the first time this case has been before the Court on discovery disputes, but it certainly should be the last.  A complete background of the case can be found in the Court's Opinion, Memorandum, and Order dated November 15, 2024, and it will not be repeated here.

## II. Discussion

**A. Discovery Motions**

Rule 26 of the Federal Rules of Civil Procedure governs the scope of discovery in federal court, which provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

"The scope of discovery under Rule 26(b) is extremely broad. *Gowan v. Mid Century Ins. Co.*, 309 F.R.D. 503, 508 (D.S.D. 2015) (citing 8 Charles A. Wright &

2

Arthur R. Miller, *Federal Practice & Procedure* §§ 2007, 3637 (1970)). "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Relevancy in this context "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Jo Ann Howard & Assocs., P.C. v. Cassity*, 303 F.R.D. 539, 542 (E.D. Mo. 2014) (citation and quotation omitted). After the proponent of discovery makes a threshold showing of relevance, the party opposing a motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper. *Id.* (citing *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992), *St. Paul Reinsurance Co. v. Com. Fin. Corp.*, 198 F.R.D. 508, 511–12 (N.D. Iowa 2000)). The party must demonstrate to the court "that the requested [discovery] either do[es] not come within the broad scope of relevance defined pursuant to Rule 26(b)(1) or else [is] of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Id*. (quoting *Burke v. New York City Police Dep't,* 115 F.R.D. 220, 224 (S.D.N.Y. 1987)).

Under Fed. R. Civ. P. 30(b)(6), a party seeking an organizational deposition must describe with reasonable particularity in the notice of deposition matters for examination. *"Before or promptly after* the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination." Fed. R. Civ. P. 30(b)(6).  This requirement was added in 2020 in an effort to avoid "overlong or ambiguously worded lists of matters for examination and inadequately prepared witnesses." *See id.*, 2020 Amendment Advisory Committee Notes.  The amendment forces "[c]andid exchanges about the purposes of the deposition and the organization's information structure [, which may in turn] clarify and focus the matters for examination, and enable the organization to designate and to prepare an appropriate witness or witnesses, thereby avoiding later disagreements." *Id.*

Under Rule 26(c), a party may move for a protective order in order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "The party moving for the protective order" – here, Safeco – "has the burden to demonstrate good cause for issuance of the order." *Buehrle v. City of O'Fallon, Mo.*, No. 4:10-CV-509 AGF, 2011 WL 529922, at *2 (E.D. Mo. Feb. 8, 2011).  To show good cause, "the parties seeking protection must show that specific prejudice or harm will result if no protective order is granted." *Id.* "Because of liberal discovery and the potential for abuse, the federal rules 'confer[]

4

broad discretion on the [district] court to decide when a protective order is appropriate and what degree of protection is required.'" *Misc. Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 30, 36 (1984)).

On August 27, 2024, Plaintiffs served Safeco with a notice of deposition for a Rule 30(b)(6) organizational deposition to take place on September 30, 2024. On September 20, 2024, Safeco sent objections to the notice of deposition to Plaintiffs' counsel. Safeco objected to a number of the topics and to the in-person deposition. Safeco also objected that the date did not provide the company with sufficient time to prepare witnesses, and that defense counsel was not available on that date.  There is no evidence that the parties met and conferred regarding these objections, and the deposition did not take place on September 30, 2024. On October 11, 2024, Safeco filed a motion for a protective order under Rule 26(c).  (ECF No. 115).

In an Opinion, Memorandum, and Order dated November 15, 2024, the Court denied without prejudice Safeco's motion for a protective order regarding the Rule 30(b)(6) deposition, noting that Safeco had failed to establish that the parties had met and conferred in person or by telephone in a good faith attempt to resolve the discovery issues in dispute.  *See* Fed. R. Civ. P. 30(b)(6); E.D. Mo. L.R. 3.04(A). The Court ordered that "counsel shall meet and confer, in person or by telephone, and they shall genuinely use all best efforts to resolve their differences as to any

5

remaining discovery disputes related to [ ] the Rule 30(b)(6) Deposition Notice directed at Safeco Insurance Company of America." (ECF No. 135 at 23).

On December 11, 2024, Plaintiffs served Safeco with an Amended Deposition Notice to take the deposition of a corporate representative pursuant to Rule 30(b)(6) on December 20, 2024.  The list of topics attached to the deposition notice was narrowed to some degree.  On December 18, 2024, Safeco filed a second motion for protective order opposing the Amended Notice of Deposition.  In its motion, Safeco represented that on November 25, 2024, the parties met and conferred on the telephone regarding the Rule 30(b)(6) deposition, but this conference took place *before* Plaintiffs served Safeco with the Amended Notice of Deposition.  There is nothing in the record to indicate that counsel met and conferred after the deposition notice was served, or that there were any additional efforts to reach a resolution without involving the Court.  The deposition did not go forward on December 20, 2024.

On January 29, 2025, after they opposed Safeco's Second Motion for a Protective Order, Plaintiffs served Safeco with a Second Amended Deposition Notice to take the deposition of a corporate representative pursuant to Rule 30(b)(6) on February 21, 2025.  The list of topics attached to the deposition notice was further amended.  Plaintiffs state that they amended the topics for the Rule 30(b)(6) deposition "in the spirit of compromise" and to move forward with discovery in the

6

case. (ECF No. 176 at 3). Safeco admits Plaintiffs substantively changed and narrowed many of the topics in the Second Amended Deposition Notice, however, it contends that many of the topics remain objectionable as overly broad, burdensome, and not relevant to claims at issue in this case.

On February 4, 2025, Plaintiffs' counsel received a letter from counsel for Defendant Safeco expressing its objections to 13 of the topics for the deposition. Plaintiffs' counsel responded by correspondence and offered a number of dates to meet and confer. Safeco states in its Motion that the parties met by phone for "about an hour" on February 19, 2025, two days before the scheduled deposition, but the parties were unable to come to a resolution. The next day, on February 20, 2025, Safeco filed its Third Motion for Protective Order, the Motion presently before the Court. Defendant Safeco did not produce a witness on February 21, 2025, and counsel for Safeco did not appear for the deposition. A record was made of the non-attendance.

Based on the record before the Court, there appears to have been some effort made to resolve the parties' discovery dispute, but the relationship between counsel has broken down, and the parties were unable to work out their differences. Therefore, the Court will take the parties' motions and rule as follows on Safeco's objections to the topics listed in Exhibit A that was attached to Plaintiffs' Second

Amended Notice to Take Deposition of Safeco's Rule 30(b)(6) corporate representative:

Topic 8 – Safeco's objections are sustained in part and overruled in part. The topic is limited as follows:

> Facts and information concerning, describing or pertaining to Defendant Safeco's guidelines, procedures, and practices that were in effect *at the time Plaintiffs' homeowner's policy was issued* for identifying and excluding prior damage to subject properties prior to issuing homeowners policies containing such prior damage, including the practices and methods used by Defendant Safeco to identify such prior damage before issuing a homeowner's policy.

Topic 9 – Safeco's objections are sustained in part and overruled in part. The topic is limited as follows:

> Facts and information concerning, describing or pertaining to Defendant Safeco's homeowners' insurance underwriting guidelines *that were in effect at the time Plaintiff's homeowner's policy was issued* and how they *were* used by its employees, agents, contractors, and representatives *when issuing Plaintiffs' homeowner's policy*

Topic 10 – Safeco's objections are overruled.

Topic 23 – Safeco's objections are sustained in part and overruled in part. The topic is limited as follows

> Facts and information concerning, describing or pertaining to, in the previous five (5) years, the number of times Safeco Insurance has retained Rimkus Consulting Group to examine a roof for hail damage, including but not limited to the number of times the roof was made of clay tile, the number of times Rimkus Consulting Group concluded that hail, wind, or storm damaged the roof in question, and the total amount paid to Rimkus Consulting Group for such work.

8

Topic 24 – Safeco's objections are sustained in part and overruled in part. The topic is limited as follows:

> Facts and information concerning, describing or pertaining to any claims by homeowners made *from July 9, 2019 through July 8, 2024*, in the St. Louis Area zip codes (as defined above) for loss due to hail damage to a clay tile roof caused by hail, wind or storms that Defendant Safeco covered, including the following information: claim number, date of loss, property address, size of hail (if recorded or known), identity of person who determined that hail, wind or storms caused the loss, remedy for the claimed hail, wind or storm damage (e.g. replacement of roof), and cost of remedy for homes located within those zip codes which are located near the Subject Property.

Topic 25 – Safeco's objections are sustained.

Topic 26 – Safeco's objections are overruled.

Topic 27 – Safeco's objections are sustained in part and overruled in part. The topic is limited as follows:

> Facts and information concerning, describing or pertaining to Defendant Safeco's claims guidelines and procedures in effect *from July 9, 2021 to December 31, 2023* for evaluating, adjusting and covering claims *for or hail, wind, and storm damage* in excess of $250,000 under homeowner's policies for insured properties valued at $500,000 or more.

Topic 28 – Safeco's objections are sustained.

Topic 29 – Safeco's objections are sustained in part and overruled in part. The topic is limited as follows:

> Facts and information concerning, describing, or pertaining to how Defendant Safeco knows that Defendant Safeco's officers, managers, employees, contractors and subcontractors, agents and representatives

9

have complied with Defendant Safeco's claims policies, procedures, and guidelines from *July 9, 2021 to December 31, 2023.*

Topic 30 – Safeco's objections are sustained.

Topic 31 – Safeco's objections are sustained in part and overruled in part. The topic is limited as follows:

> Facts and information concerning, describing or pertaining to hail, wind and storm damage claims under Safeco homeowners and property insurance policies investigated by Rimkus Consulting Group *from January 1, 2019 to December 31, 2023* in the St. Louis Metropolitan Area Zip Codes (as defined above) in which Rimkus concluded, found, or otherwise recommended that the claims for damage by the insured be covered due to such hail, wind or other storm damage.

In sum, the Court grants in part and denies in part Safeco's Third Motion for a Protective Order. With regard to the topics listed in Exhibit A attached to Plaintiffs' Second Amended Notice to Take Deposition of Safeco's Rule 30(b)(6) corporate representative, Safeco's objections are overruled and sustained as set forth above. In all other respects, Safeco's Third Motion for a Protective Order is denied.

As for Plaintiffs' Motion to Compel, the motion is granted to the extent that on or before March 21, 2025, the discovery deadline in the Third Amended Case Management Order, Safeco Insurance Company of America shall appear for deposition to testify as to the topics listed in Exhibit A of the Second Amended Notice of 30(b)(6), as limited by the Court. In all other respects Plaintiffs' Motion is denied.

### B.  Motions for Sanctions

Both sides have moved for sanctions related to the Rule 30(b)(6) deposition that has yet to take place.  Safeco moves for sanctions against Plaintiffs pursuant to Rules 11 and 37 of the Federal Rules of Civil Procedures.  Plaintiffs move for sanctions under Rule 37.  The Court will first address Safeco's motion for Rule 11 sanctions.

Safeco argues that Plaintiffs engaged in Rule 11 sanctionable conduct when they served a second amended deposition notice after they had opposed Safeco's Second Motion for a Protective Order.  Safeco contends that in opposing Safeco's Second Motion for a Protective Order, Plaintiffs represented to the Court that they were entitled to complete discovery on all the topics in their first amended deposition notice.  Safeco contends that the second amended deposition notice, which reduced and narrowed the scope of discovery, belies and contradicts the position Plaintiffs took in their opposition to Safeco's Second Motion for a Protective Order.  According to Safeco, the second amended deposition notice is evidence that Plaintiffs made misrepresentations in a filing with the Court about the scope of discovery to which Plaintiffs believed they were entitled.

The Court finds that Safeco did not comply with Rule 11's procedural requirements in filing a Rule 11 motion for sanctions because it did not follow the rule's safe harbor provisions.  There is no evidence that Safeco served Plaintiffs with

11

the motion 21 days before filing it with the Court.  *See* Fed. R. Civ. P. 11(c)(2). A party is not entitled to sanctions if the party moving for sanctions "failed to comply with Rule 11's procedural requirements."   *Gordon v. Unifund CCR Partners*, 345 F.3d 1028, 1030 (8th Cir. 2003).

But in any event, the Court finds Safeco's motion for Rule 11 sanctions borders on frivolous.  There are any number of reasons parties might change positions and capitulate on a discovery issue – even about discovery they continue to believe they are entitled to under the law.  As Plaintiffs state in their Motion to Compel, they served the second amended deposition notice in an attempt to move forward with discovery in the case.  In other words, they were giving up some discovery in the interest of proceeding ahead with the case.  The fact that Plaintiffs voluntarily narrowed some of their topics does not prove that they misled the Court when they opposed Safeco's Second Motion for a Protective Order. Defendant's motion for sanctions pursuant to Rule 11 is denied.

The Court now turns to the parties' motions for sanctions under Rule 37. Safeco requests under Fed. R. Civ. P. 37(a)(5) that Plaintiffs be required to pay the fees and expenses it incurred in bringing its Second and Third Motions for Protective Orders.  Plaintiffs seek sanction under Fed. R. Civ. P. 37(d)(1)(A) for Safeco's failure to appear for the deposition on February 21, 2025.  Plaintiffs ask that the Court award them $5,000.00 for Safeco's failure to appear at the deposition.

Under Fed. R. Civ. P. 37(a)(5)(C), if a discovery motion is granted in part and denied in part, the Court *may* apportion reasonable expenses. Based on the record, the Court finds that neither side is entitled to fees or sanctions. The parties have filed 11 motions involving discovery disputes in this case, (ECF Nos. 64, 65, 70, 75, 78, 92, 114, 115, 151, 171, 176), which does not include the parties' motions to extend discovery deadlines, amend the case management order, to exclude experts, for sanctions, or to reconsider or clarify orders. In general, Plaintiffs have served very broad and expansive discovery requests, but in response, Safeco has taken an extremely narrow view of relevancy and its discovery obligations. It is also clear from the record that counsel has spent little time conferring on the phone in sincere attempts to resolve their differences, and no time whatsoever in person. Instead, the attorneys send lengthy emails and written correspondence detailing their positions. Telephone conferences are held at the last minute before depositions are to take place or written discovery is due. The Court believes the conduct of counsel that is described in the various discovery motions, and in more particular the motions currently before the Court, reflects more the ongoing acrimonious relationship between Safeco's attorneys and Plaintiffs' attorneys than sincere attempts to resolve disputes that have arisen during discovery. Counsel's conduct has resulted in excessive expenditures of the Court's time and attorneys' fees that are likely to be disproportionate to the amount at issue in this case. The conduct of counsel, which

13

has been unreasonably contentious on both sides, does not justify an award of fees, expenses, or other sanctions.  The parties' respective motions for Rule 37 sanctions are **denied**.

### C. Motion for Supplemental Conference

Plaintiffs move that the Court schedule a conference in this case to discuss issues of scheduling and case management.  Plaintiffs describe in detail a number of discovery disputes that they contend have delayed these proceedings, and they ask that the Court hold a conference in this case.

A Case Management Order was first entered in this case on June 23, 2023.  It has been amended three times in addition to various discovery extensions that have been granted along the way.  In short, the parties have had more than 20 months to conduct discovery regarding an insurance claim for damage to a roof on a home.  The Court finds the parties have had ample time to conduct discovery in this case, and it will not grant additional extensions of the deadlines in the Third Amended Case Management Order.

Furthermore, the Court is confident that the parties will be able to resolve any outstanding or future discovery disputes without involving the Court.  For any discovery disputes that might arise, the Court encourages the attorneys to refrain from posturing in correspondence, but rather they should meet and confer as soon as

possible, and ideally in person, to resolve their differences. Plaintiffs' motion for a supplemental conference with the Court is **denied**.

Accordingly,

**IT IS HEREBY ORDERED** that consistent with the terms of this Opinion, Memorandum and Order, Defendant Safeco Insurance Company of America's Third Motion for Protective Order is **GRANTED in part and DENIED in part**. Defendant's motion is **GRANTED** to the extent that the Court limits the list of topics in Exhibit A, which was attached to the Plaintiff's Second Amended Notice to Take Zoom Deposition, as set forth above in this this Opinion, Memorandum and Order. In all other respects, Defendant's Motion is **DENIED**. [ECF No. 171]

**IT IS FURTHER ORDERED** that Defendant Safeco Insurance Company of America's Motion for Sanctions pursuant to Fed. R. Civ. P. 11(c) and 37(a)(5) is **DENIED.** [ECF No. 172]

**IT IS FURTHER ORDERED** that consistent with the terms of this Opinion, Memorandum and Order, Plaintiffs Arindam Kar and Shanna Kar's Motion to Compel 30(b)(6) Deposition or, in the Alternative, for Sanctions Pursuant to Rule 37 is **GRANTED in part and DENIED in part**. Plaintiffs' Motion is **GRANTED** to the extent that no later than **March 21, 2025,** Defendant Safeco Insurance Company of America shall produce for deposition a Rule 30(b)(6) corporate representative to sit for deposition on the topics identified in Exhibit A, which was

15

attached to the Plaintiffs' Second Amended Notice to Take Zoom Deposition, and as limited by the Court in this Opinion, Memorandum and Order. In all other respects, the Motion is **DENIED**. [ECF No. 176].

**IT IS FURTHER ORDERED** Plaintiffs Arindam Kar and Shanna Kar's Motion for Supplemental Conference is **DENIED**. [ECF No. 179].

Dated this 6th day of February, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE