UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ARINDAM KAR, et al., | ) |
|     Plaintiffs, | ) ) ) |
| v. | )    No. 4:23-CV-207 HEA |
| SAFECO INSURANCE COMPANY OF AMERICA, et al. | ) ) ) ) |
|     Defendants. | ) ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on non-party Andrea Polo-McCullough's Motion to Quash Subpoena for Deposition pursuant to Rule 45 of the Federal Rules of Civil Procedure. (ECF No. 180). Plaintiffs served Ms. Polo-McCullough with a subpoena to testify at a deposition on March 10, 2025, and to produce certain documents.

Federal Rule of Civil Procedure 45 governs the issuance of non-party subpoenas in civil actions pending in the federal courts. In general, a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The scope of discovery allowed under Rule 45 is the same as that of Rule 26. *See* Advisory Committee Notes regarding 1991 Amendments to Rule 45(a)(2) (stating a

"non-party witness is subject to the same scope of discovery under this rule as that person would be as a party to whom a request is addressed pursuant to Rule 34."). That said, non-parties should not be burdened to the same extent as parties to the litigation. Therefore, the rule requires that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1).

In this suit, Defendant Safeco Insurance Company of America ("Safeco") has used affidavits executed by Ms. Polo-McCullough in support of its arguments that a number of Plaintiffs' document requests, interrogatories, and notices of deposition were overly burdensome. *See, e.g.* ECF No. 171, Ex. D. Ms. Polo-McCullough, however, is not a Safeco employee. She is "Manager, Coverage Litigation Services" at Liberty Mutual Group. *Id.* at 1. But Ms. Polo-McCullough has attested that she has knowledge of the record keeping systems used by both Liberty Mutual Insurance Group and Safeco, including data points and search capabilities. In her affidavits, Ms. Polo-McCullough provided specific attestations about Safeco's ability to search its systems for the information Plaintiffs sought in their written discovery and through depositions. While Ms. Polo-McCullough may not have knowledge about how Safeco handled Plaintiffs' insurance claim specifically, clearly she has knowledge that is relevant to this suit. *Gowan v. Mid Century Ins. Co.,* 309 F.R.D. 503, 515 (D.S.D. 2015) (finding in an insurance dispute that information about the

defendant's electronic information system, what was stored, where it was stored, and how to access the information was "obviously relevant information").

Furthermore, although Ms. Polo-McCullough is officially employed by a non-party to this suit, it is clear that Safeco exercises some degree of control over her, as she has executed a number of affidavits on Safeco's behalf.  The Court finds that requiring Ms. Polo-McCullough to sit for deposition and to produce documents that are in her possession, custody, or control that she relied upon or considered in providing her affidavits would not be *unduly* burdensome to this third-party.  The motion to quash is **denied**.

Accordingly,

**IT IS HEREBY ORDERED** that non-party Andrea Polo-McCullough's Motion to Quash Subpoena for Deposition is **DENIED**.  [ECF No. 180]

Dated this 7th day of March, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE