## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

ARINDAM KAR, et al.,                  )
                                      )
          Plaintiff,                  )
                                      )
     v.                               )          No. 4:23-CV-207 HEA
                                      )
SAFECO INSURANCE COMPANY              )
OF AMERICA, et al.                    )
                                      )
          Defendants.                 )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on a number of motions to exclude evidence in this case. Plaintiffs Arindam and Shanna Kar filed the following motions: Motion to Exclude Testimony of Defendant's Expert Wesley Hamilton; Motion to Strike Surrebuttal Expert Report and Testimony of Defendant's Expert Jared Leighton; and Motion to Strike Second Supplemental Expert Report of Defendant's Expert Wesley Hamilton.[1] (ECF Nos. 169, 215 & 217). Defendant Safeco Insurance Company of

---

[1] Defendant Safeco Insurance Company of America filed a Motion to Extend Time to Respond to Plaintiffs' Motion to Exclude Testimony of Defendant's Expert Wesley Hamilton, which is pending before the Court. Plaintiffs did not oppose Safeco's motion, and on March 12, 2025, Defendant filed its Response in Opposition to Plaintiffs' Motion to Exclude Testimony of Defendant's Expert Wesley Hamilton out of time without leave of Court. As the motion is uncontested, the Court grants Defendant's Motion to Extend Time. (ECF No. 175). More than two months later, on May 23, 2025, Plaintiffs filed a Motion for Leave to File a Memorandum Out of Time, which is also still pending before the Court. Plaintiffs seek leave to file a legal memorandum in support of their Motion to Exclude Testimony of Defendant's Expert Wesley Hamilton. (ECF No. 169). In support of their Motion for Leave to File Out of Time, Plaintiffs

America ("Safeco") also moves to exclude evidence and filed the following motions: Motions to Exclude Plaintiffs' Retained Experts Jacob Graham and Susan Pruchnicki and Motion to Strike Plaintiffs' Supplemental Rule 26(a)(1) Disclosures.[2]  (ECF Nos. 126, 191 & 219).  The motions are all opposed and ripe for review.  For the reasons that follow, the Court grants in part and denies in part Plaintiffs' Motion to Exclude Testimony of Expert Wesley Hamilton and Safeco's Motions to Exclude Plaintiffs' Retained Experts Jacob Graham and Susan Pruchnicki.  The Court grants Plaintiffs' Motions to Strike the Surrebuttal Expert Report and Testimony of Expert Jared Leighton and to Strike Wesley Hamilton's Second Supplemental Expert Report.  The Court denies Safeco's Motion to Strike Plaintiffs' Supplemental Rule 26(a)(1) Disclosures.

---

state that they inadvertently failed to file their legal memorandum at the time they filed their motion on February 18, 2025.  Defendant opposes Plaintiffs' Motion for Leave to File Out of Time and argues that it would be prejudiced because it has already filed its response to Plaintiffs' motion, to which Plaintiffs could have filed a reply but did not.  Defendant further argues that Plaintiffs have failed to show that they exercised reasonable diligence.  The Court agrees and will deny Plaintiffs' Motion for Leave to File Out of Time. (ECF No. 229).

[2]On December 20, 2024, a week after Safeco filed its Reply Memorandum in support of its Motion to Exclude Plaintiffs' Retained Expert Jacob Graham, Plaintiffs filed a motion for leave to file a "Limited Response" to Safeco's Reply, which the Court construes as a Motion for Leave to File a Surresponse.  Plaintiffs' motion, which is unopposed, will be granted.  (ECF No. 153).

Also pending before this Court is Plaintiffs' Motion for Leave to File a Surreply in opposition to Safeco's Motion to Strike Plaintiffs' Supplemental Rule 26(a)(1) Disclosures, which the Court construes as a motion for leave to file a surresponse.  Safeco opposes Plaintiffs' Motion for Leave, and in its opposition, it makes arguments in support of its original Motion to Strike. The Court will grant Plaintiffs' motion for leave to file a surresponse.  (ECF No. 242).

## I.    Background

This case arises from an insurance claim for property damage to the Plaintiffs' large, historic home, which is located in the Compton Heights Historic District in St. Louis, Missouri.  Defendant Safeco issued a homeowner's policy to Plaintiffs that was in effect from September 26, 2020 through September 26, 2021.  Plaintiffs, who are husband and wife, allege that from late night July 9, 2021 into the early morning of July 10, 2021, a storm caused damage to their residence.  On July 12, 2021, Plaintiffs submitted a claim to Safeco for hail and wind damage to their historic clay tile roof.

Defendant hired Thomas Veasey, a contract inspector, to inspect the roof. Mr. Veasey determined there was minor wind damage, the amount of which was below Plaintiffs' deductible, but no hail damage.  Plaintiffs requested that Defendant re-examine their roof because they believed there was significant hail damage. In response, Defendant hired Rimkus Consulting Group, Inc. ("Rimkus") to inspect the roof.   Rimkus sent Wesley Hamilton, a professional engineer, to conduct the inspection.  In a report dated May 27, 2022, Mr. Hamilton concluded that there was old hail damage to the copper metal gutters, the original copper downspouts, valley flashings, and chimney caps, but that the damage did not affect their functionality, and there was no hail damage to the clay tiles.  He found that the isolated "superficial spalled areas" on the clay tiles were "attributable to moisture intrusion and freeze

thaw effects." (ECF No. 192, Ex. 1 at 4). Mr. Hamilton also concluded that there was no wind-caused damage to the clay tile roof or other exterior finishes, and that there was no wind or hail damage to the modified bitumen flat roof, which covers a portion of Plaintiffs' home.

On June 11, 2022, Defendant Safeco denied Plaintiffs' claim for coverage. The denial letter stated, "There was no hail or wind caused damage to the clay tiles and detached garage. The spalling that is present is due to moisture intrusion and freeze-thaw cycling overtime…. Therefore, there is no coverage for your claim." (ECF No. 215, Ex. 2 at 1).

Plaintiffs disputed Safeco's findings and obtained a Response Report from Jacob Graham of Renaissance Historic Exteriors ("Renaissance"). Mr. Graham, a roofer with more than 25 years' experience repairing clay and slate tile roofs, inspected the roof and disagreed with Mr. Hamilton's conclusions in a number of respects. Mr. Graham opined that hail damage to the copper metal gutters, the original copper downspouts, valley flashings, and chimney caps had negatively affected their functionality. He also opined that hail impact had caused damage to some of the clay tiles, and that it was likely that there was impact damage to the flat, modified bitumen roof as well. He further opined that many of the displaced tiles were likely affected by wind, which caused them to fall and damage other tiles downslope.

Plaintiffs filed suit against Safeco in St. Louis City Circuit Court asserting state law claims for breach of contract, vexatious refusal to pay insurance claim pursuant to Missouri Revised Statutes §§ 375.420 and 375.296, and equitable estoppel to deny coverage.  On February 21, 2023, Defendants removed the suit to this Court pursuant to 28 U.S.C. §§ 1441, 1446, and 1332(a)(1) on the basis of diversity jurisdiction.

Following the close of discovery, the parties filed the motions to exclude evidence that are before the Court presently.  Plaintiffs filed a motion pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), to limit or exclude the testimony of Safeco's expert, Wesley Hamilton.  They also move to strike Mr. Hamilton's Second Supplemental Expert Report and Safeco's surrebuttal expert, Jared Leighton.  Safeco moves to limit or exclude under *Daubert* Plaintiffs' experts, Jacob Graham and Susan Pruchnicki.  Safeco also filed a motion to strike Plaintiffs' Supplemental Rule 26(a)(1)(A) Disclosures and to preclude Daniel Segerson and Michael Cilufo from offering testimony in this case.  The Court will first address the parties' *Daubert* motions before moving to address the parties' motions to strike evidence.

## II.   *Motions to Exclude Expert Testimony*

Safeco moves to limit the testimony of Jacob Graham and Susan Pruchnicki. Safeco argues Mr. Graham and Ms. Pruchnicki do not have the skill, training, or

education necessary to determine the age of the hail damage, what size of hail would cause damage to a ceramic tile roof, and the wind speed necessary to lift off ceramic tiles.  Safeco argues the two experts are unable to provide opinions as to whether there was hail that impacted Plaintiffs' roof on July 9-10, 2021.  Plaintiffs move to exclude Wesley Hamilton.  They argue he is unqualified to offer opinions about clay tile roofs.  Plaintiffs also argue that Mr. Hamilton's conclusions are based on speculation and information from third parties.

The parties have submitted an extensive evidentiary record, which includes deposition transcripts, expert reports, curricula vitae, and other exhibits.  The Court finds that it can make a proper *Daubert* determination without the need for an evidentiary hearing or oral argument.  *Miller v. Baker Implement Co.*, 439 F.3d 407, 412 (8th Cir. 2006) (district court need not hold a *Daubert* hearing where parties have opportunity to present argument and evidence before ruling on the motion).

## A.    Legal Standard

The admission of expert testimony is governed by Federal Rule of Evidence 702, which provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
>
> > (a)    the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

    (b)    the testimony is based on sufficient facts or data;

    (c)    the testimony is the product of reliable principles and methods; and

    (d)    the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702.  The proponent of expert testimony must prove its admissibility by a preponderance of the evidence.  *In re Bair Hugger Forced Air Warming Devices Prods. Liab. Litig.*, 9 F.4th 768, 777 (8th Cir. 2021).  *See also* Fed. R. Evid. 702 advisory committee's note to 2023 amendment ("expert testimony may not be admitted unless the proponent demonstrates to the court that it is more likely than not that the proffered testimony meets the admissibility requirements set forth in the rule.") (citing Fed. R. Evid. 104(a)).

Courts have interpreted Rule 702 as vesting trial courts "with a gatekeeping function, ensuring that 'any and all scientific testimony or evidence admitted is not only relevant, but reliable.'" *Union Pac. R. Co. v. Progress Rail Servs. Corp.*, 778 F.3d 704, 709 (8th Cir. 2015) (quoting *Daubert*, 509 U.S. at 589).  In order to carry out this gatekeeping function, the Eighth Circuit has instructed district courts to apply the following three-part test for screening expert testimony:  (1) "[The expert's] testimony must be useful to the finder of fact in deciding the ultimate issue of fact, meaning it must be relevant"; (2) "the expert must be qualified to assist the finder of fact"; and (3) "the testimony must be reliable or trustworthy in an

evidentiary sense." *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*, 9 F.4th at 777. Disputes about the factual basis of an expert's testimony ordinarily implicate the credibility—not the admissibility—of the testimony. *Sappington v. Skyjack, Inc.*, 512 F.3d 440, 450 (8th Cir. 2008); *see also Minnesota Supply Co. v. Raymond Corp.*, 472 F.3d 524, 544 (8th Cir. 2006). "[D]oubts regarding whether an expert's testimony will be useful should generally be resolved in favor of admissibility." *Sphere Drake Ins. PLC v. Trisko*, 226 F.3d 951, 954 (8th Cir. 2000) (quotation omitted). According to the Eighth Circuit, Rule 702 favors admissibility of expert testimony if it assists the factfinder in understanding an issue of fact. *Johnson v. Mead Johnson & Co., LLC*, 754 F.3d 557, 562 (8th Cir. 2014).

## B. Motion to Exclude Jacob Graham

Plaintiffs disclosed as their primary expert Jacob Graham, a historic building specialist for Renaissance. Mr. Graham has more than 25 years of experience inspecting, repairing, replacing, and installing historic roofs, gutters, downspouts and flashing. He represents that 80 to 90% of the work he has performed involved slate tile shingles, clay tile shingles and/or copper roofing systems. Mr. Graham is part of Renaissance's emergency response team and handles after-hour calls and inspections for storm damage of all kinds, including damage due to wind, hail, ice, and water. He states that he has inspected hundreds, and maybe a thousand or more,

historic clay and slate roofs for hail, wind, and storm damage.  Mr. Graham inspected Plaintiffs' roof on June 28, 2022 and May 7, 2024.

Based on his own inspection and review of photographs taken by Mr. Kar and Rimkus, a report from Architect Home Inspection Ltd. dated July 20, 2019, St. Louis Slate and Tile Company's repair estimate dated July 10, 2020, Safeco's March 18, 2022 estimate for the house next door, weather data from stormer.com and the National Weather Service websites, and discussions with Plaintiffs, Mr. Graham formed the following opinions:

- Indentations and impact damage has negatively affected the functionality and lifespan of metal implements on the roof, such as gutters, flashing and downspouts;

- There is superficial spalling damage present on the clay tiles, as well as deeper impact damage from hail;

- There are numerous cracked, detached, and displaced tiles present on nearly every roof facet and broken tiles on lower areas from displaced tiles that fell from other higher roof areas. Many of the displaced tiles were likely affected by the wind on or around July 10, 2021; and

- There are sporadic breaks in the silver coating on the modified bitumen rooftop, which are likely impact related.

(ECF No. 126, Ex 2).  Mr. Graham also observes in his report that "there were several verified hail reports of very large hail all throughout the St. Louis area on July 9, 2021 (some as large as 2 inches)." (*Id.* at 4).  And he concludes his report by stating "information [from the Rimkus report] along with pictures of the damage

throughout the roof, weather data for the date of loss, and homeowner documentation of the storm damage provides irrefutable evidence that the structure was severely affected by storm activity on or around July 9 or 10, 2021." (*Id.* at 6)

In its motion, Safeco first argues that Mr. Graham is not qualified to give opinions as to whether Plaintiffs' home suffered hail or storm damage. Safeco points to Mr. Graham's deposition at which he testified that he has had no special education or scientific training in analyzing hail or wind damage to clay tile roofs. Plaintiffs respond that Mr. Graham is qualified because he possesses specialized knowledge in the areas of inspection, assessment, repair and replacement of clay tile roofs from 20 to 25 years of hands-on experience. The Court agrees with Plaintiffs.

An expert need not have specialized training or education to qualify as an expert and may be qualified on experience alone. *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009). "[F]or an expert witness to be qualified based on experience, that experience must bear a close relationship to the expert's opinion." *Id.* (citing *Sylla-Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 283–84 (8th Cir. 1995)). Here, the Court concurs with Plaintiffs that Mr. Graham is qualified through his extensive roofing experience to give opinions as to whether Plaintiffs' roof – including the clay tiles, modified bitumen roofing, flashing, valleys, downspouts, chimney caps, gutters, etc. – suffered hail, wind, and/or other storm damage.

10

Safeco also objects to Mr. Graham offering testimony regarding when the damage to Plaintiffs' roof occurred.  In his report, Mr. Graham notes that he has examined weather data from around the time of the storm and based, in part, on the weather data, he opines that Plaintiffs' home was severely affected by storm activity on or around July 9 or 10, 2021.  Mr. Graham is offering an opinion using information that is outside his area of expertise.  There is no evidence in the record that Mr. Graham has any expertise in the weather or forensic meteorology, and as Safeco points out, he testified that he did not have any such expertise at his deposition.

Rule 702 requires that "the area of the witness's competence matches the subject matter of the witness's testimony." *Robinson v. GEICO Gen. Ins. Co.*, 447 F.3d 1096, 1100 (8th Cir. 2006). *See also Shipp v. Murphy*, 9 F.4th 694, 701 (8th Cir. 2021) (excluding testimony from a nurse practitioner explaining that the "area of the witness's competence [must] match the subject matter of the witness's testimony");*Wheeling Pittsburgh Steel Corp. v. Beelman River Terminals, Inc.*, 254 F.3d 706 (8th Cir. 2001) (finding it was reversible error for the district court to have allowed "eminently qualified" hydrologist to testify about flooding in a warehouse and safe warehousing practices).  Mr. Graham is a qualified expert.  He is an expert in historic roofs, and his expertise includes evaluating roofs to determine whether the damage was caused by hail, wind, or other storm damage.  But he is not an expert

in meteorology or interpreting weather data.  Mr. Graham lacks the education, training, and experience to testify as to whether the weather data establish, or even support, a finding that hail of any size fell on Plaintiffs' home on July 9-10, 2021. Mr. Graham will be precluded from offering opinions that are based on weather data. In all other respects, Safeco's motion to exclude expert James Graham will be denied.

###    C.    Motion to Exclude Wesley Hamilton

Safeco disclosed as its primary expert Wesley Hamilton, a structural engineer with Rimkus.  Mr. Hamilton has over ten years of engineering experience, with seven years in structural engineering design and three years in forensic engineering. He has inspected hundreds of commercial buildings and residential homes for damage and structural integrity.

Mr. Hamilton inspected Plaintiffs' house on April 28, 2022, but he did not go up on the clay tile roof.  Based on his inspection, photographs, an interview of John Chiapelas from Old World Roofing, literature and studies from third parties, and weather data from CoreLogic and the Oceanic and Atmospheric Administration's National Weather Service Storm Prediction Center, Mr. Hamilton formed the following opinions:

- There were indentations in the copper metal gutters, original copper downspouts, valleys, flashing, and chimney caps due to hail impact from multiple previous storms. The indentations have

not affected the function of the metals or decreased their expected service life;

- There was no hail-caused damage to the clay tile roof covering but only isolated superficial spalled areas in tiles that were attributable to moisture intrusion and freeze side effects;

- There was no wind-caused damage to the clay tile roof or other exterior finishes; and

- There was no wind or hail damage to the modified bitumen roof surfaces of the residence or the thermoplastic poly thin roof membrane of the detached garage.

(ECF No. 169, Ex. 4 at 4).

On April 29, 2024, Mr. Kar reported that a portion of the plaster ceiling had fallen in the bedroom at the southwest corner of the second level of the house.  Mr. Hamilton returned and conducted a second inspection.  He prepared a supplemental report that is dated June 24, 2024.[3]

As an initial matter, Plaintiffs argue that Mr. Hamilton should be excluded because he was retained by Liberty Mutual and not Safeco or its counsel, and because 80% of his work has been for insurance companies.  Plaintiffs' argument is not fully developed, but the Court deduces that Plaintiffs are arguing Mr. Hamiliton should be excluded because he is biased having worked primarily for insurance

---

[3]Plaintiffs have not provided the Court with a copy of Mr. Hamilton's June 24, 2024 Supplemental Report.  Plaintiffs state in their Memorandum in Support of their Motion to Strike Wesley Hamilton's Second Supplemental report that his first Supplemental Report is attached as Exhibit 4 to Docket Number 169, Plaintiffs' Motion to Exclude Wesley Hamilton.  The June 24, 2024 Supplemental Report, however, is not attached to Docket No. 169 and the Court has not found it elsewhere in the record.

companies.  In general, questions of objectivity go to weight rather than admissibility of a witness. *DiCarlo v. Keller Ladders, Inc.*, 211 F.3d 465, 468 (8th Cir. 2000) ("Determining the credibility of a witness is the jury's province, whether the witness is lay or expert… [a]n expert witness's bias goes to the weight, not the admissibility of the testimony, and should be brought out on cross-examination.").  Should this case go to trial, Plaintiffs will be allowed to cross-examine Mr. Wesley regarding who retained him and the scope of his past work.

Plaintiffs also argue that Mr. Hamilton is not qualified to testify in this case because prior to inspecting Plaintiffs' roof, he had never inspected or investigated another clay tile roof.  Plaintiffs acknowledge Mr. Hamilton is a structural engineer, who has experience in building design, including load analysis for vertical, wind, and seismic resistance, and who also has experience in forensic consulting and has investigated commercial, industrial and residential structures for impact damage and overall stability.  However, Plaintiffs argue that Mr. Hamilton's education, training, and experience in structural and forensic engineering has no logical connection to determining if Plaintiffs' clay tile roofing system was damaged by hail, wind, and storm damage on July 9-10, 2021.

According to Mr. Hamilton, he has inspected hundreds of roofs of buildings for storm-caused damage during his time at Rimkus, and the vast majority of those investigations have been related to purported wind and/or hail damage.  Mr.

Hamilton further testified that he is able to distinguish moisture intrusion and freeze-thaw effects on tiles from impact damage by shape and density. While this is a closer call, the Court finds that Mr. Hamiliton is qualified to testify in this case regarding what caused the damage to Plaintiffs' roof. Again, should this case go to trial, Plaintiffs will be allowed to cross-examine Mr. Hamilton about his limited experience with clay tile roofs and what formed the basis of his opinions, which go to weight and credibility. *Bonner v. ISP Techs., Inc.*, 259 F.3d 924, 929–30 (8th Cir. 2001); *Sphere Drake Ins. PLC v. Trisko*, 226 F.3d 951, 955 (8th Cir. 2000). Plaintiffs will also be able to cross-examine Mr. Hamilton about the scope of his inspection and whether he went up on the roof.

That said, like Mr. Graham, Mr. Hamilton relied on, in part, data and information that are outside his area of expertise. In his report, Mr. Hamilton discusses at length weather data, and he offers the opinion that hailstones larger than 1.5 inches in diameter or larger were not indicated by the weather data on July 9-10, 2021, or since the time Plaintiffs purchased their home in 2019. (ECF No. 188, Ex. at 11). He further opines that there are data indicating four dates when large hailstones were predicted to have fallen on Plaintiffs' home – June 8, 2009, April 19, 2011, May 25, 2011, and April 28, 2012 – and this weather data led him to conclude, at least in part, that the hail damage to the roof's metal fixtures occurred

prior to July 9-10, 2021. (*Id.* at 9). In his report, Mr. Hamilton also analyzes wind data. (*Id.* at 10).

Mr. Hamilton is a structural engineer, and there is no evidence in the record that he is an expert in meteorology or interpreting weather data. Like Mr. Graham, Mr. Hamilton lacks the education, training, and experience to testify as to if weather data establish, or even support, a finding that hail of a sufficient size did not fall on Plaintiffs' home on July 9-10, 2021 or, for that matter, any other date. He also lacks the expertise to testify as to the wind speed on July 9-10, 2021. *Shipp*, 9 F.4th at 701; *Robinson*, 447 F.3d at 1100; *Wheeling Pittsburgh Steel Corp.*, 254 F.3d 706. Accordingly, Mr. Hamilton will be precluded from offering opinions that are based on weather data. In all other respects, Plaintiffs' motion to exclude expert Wesley Hamilton will be denied.

### D.    Motion to Exclude Susan Pruchnicki

Plaintiff disclosed as a rebuttal expert Susan Pruchnicki, an architect and the managing partner of Bond Architects. Ms. Pruchnicki has over 36 years of experience with building evaluations and repairs and restoration of historic buildings and homes. Ms. Pruchnicki toured Plaintiffs' home and viewed the areas of damage on September 27, 2024. Relying on her observations and the City of St. Louis's requirements for construction in historic districts, as well as the November 1, 2021 proposal from Old World Roofing, a March 18, 2022 estimate from Safeco, the July

28, 2022 report from Renaissance, the November 22, 2021 report from Rimkus, and

a February 1, 2023 construction proposal from Hoeft Construction, Ms. Pruchnicki

formed the following opinions:

- Wind and hail damage to the shingles and soft metals on the home and water infiltration was caused by the July 9-10, 2021 storm;

- Safeco's estimated material costs for repairs are generic and less than the units' costs for the material needed to repair the existing damage components.  The estimate is also missing components in the scope of work for a complete repair;

- Safeco's estimate does not have a cost contingency, which is an industry standard operating procedure; and

- Additional interior deterioration to the custom historic interior finishes has occurred and will continue to occur until the water infiltration is repaired.

(ECF No. 192, Ex. 2 at 1-8)

In support of its motion to exclude Ms. Pruchnicki, Safeco argues Ms. Pruchnicki is not qualified to give opinions as to whether Plaintiffs' home suffered hail or storm damage.  Safeco points to the fact that she is an architect, not an engineer or roof expert, and argues that she does not have the necessary foundation to opine whether hail and/or wind damaged the Plaintiffs' roof on July 9-10, 2021.

Ms. Pruchnicki herself testified that she is neither a weather expert nor is she holding herself out has having special skill in being able to identify hail damage to roofs, but that she formed her conclusions as to what caused the damage to Plaintiffs'

roof based on the reports she reviewed.  (ECF No. 192, Ex 3 at 102-03).  As for when the damage occurred, Ms. Pruchnicki testified that "I don't know how you would test how old damage is other than listening to what the circumstances are before there's a storm, and then after a storm there are leaks in the house. So, I don't know a forensic way to calculate when specific damage happens when you come after the fact."  (*Id.* at 78-79).

The Court agrees with Safeco that Ms. Pruchnicki does not have the expertise to testify that there was hail at the Plaintiffs' residence on July 9-10, 2021, or that hail and/or wind definitively damaged the Plaintiffs' roof on July 9-10, 2021.  But Ms. Pruchnicki is an expert on damage repairs and the restoration of historic homes, and she may offer her opinions regarding how to determine when damage to a roof occurred, for example, whether the determination may be based on the timing of water infiltration.  Safeco's motion to exclude the testimony of Ms. Pruchnicki will be granted in part in that her testimony will be limited as set forth above.

The Court now turns to the parties' motions to strike evidence and witnesses.

### III.  *Motions to Exclude Expert Evidence and Witnesses as Untimely*

Both sides move to exclude evidence and witnesses for untimely disclosure. Plaintiffs move to strike Safeco's rebuttal expert, Jared Leighton, and the Second Supplemental Report of its primary exert, Wesley Hamilton.  Safeco moves to strike

evidence from two witnesses, Daniel Segerson and Michael Cilufo, and argues Plaintiffs failed to disclose these two witnesses in a timely manner.

On June 30, 2023, the Court entered a Case Management Order ("CMO"), under which the parties were to make all disclosures required by Federal Rule of Civil Procedure 26(a)(1) by July 14, 2023.  Under this same CMO, Plaintiffs were to disclose all their expert witnesses by January 12, 2024, and to have their depositions completed by February 12, 2024.  Plaintiffs were to disclose all rebuttal experts by April 10, 2024, and they were to be deposed by May 6, 2024.  Safeco was to disclose all its expert witnesses by February 26, 2024, and to have their depositions completed by March 26, 2024.

On June 17, 2024, the Court entered an Amended CMO, which extended the deadlines for deposing expert witnesses, and it provided that Plaintiffs were to disclose all rebuttal experts no later than September 9, 2024, and their depositions were to be taken by September 20, 2024.  While it is not clear from the record when they were disclosed, Plaintiffs' expert Jacob Graham was deposed on July 29, 2024, and Safeco's expert Wesley Hamilton was deposed on August 21, 2024.

Beginning in August 2024, a number of discovery disputes arose between the parties, and together they filed more than a dozen discovery motions with the Court. To accommodate rulings on the discovery motions, the Court amended the CMO a

number of times.   More specifically, the Court extended the deadlines for the

disclosures of rebuttal experts.  The Third Amended CMO provides as follows:

> 3(b)    Plaintiff[s] shall disclose all expert witnesses and shall provide
> the reports required by Rule 26(a)(2), Fed. R. Civ. P., no later than
> **January 12, 2024**, and shall make expert witnesses available for
> depositions, and have depositions completed, no later than **July 22,
> 2024**. Plaintiff[s] shall disclose all rebuttal experts no later than **January
> 14, 2025**, and shall make rebuttal experts available for depositions, and
> have depositions completed, no later than **February 10, 2025**.
>
> (c)     Defendant shall disclose all expert witnesses and shall provide the
> reports required by Rule 26(a)(2), Fed. R. Civ. P., no later than **March
> 26, 2024**, and shall make expert witnesses available for depositions, and
> have depositions completed, no later than **August 23, 2024**. Plaintiff
> shall disclose all rebuttal experts no later than **March 3, 2025**, and shall
> make rebuttal experts available for depositions, and have depositions
> completed, no later than **March 17, 2025**.[4]

(ECF No. 162 at 1-2).

Plaintiffs disclosed their rebuttal expert, Susan Pruchnicki, on January 14,

2025, and she was deposed on February 5, 2025.  Safeco disclosed Jacob Leighton

on March 3, 2025, and he was deposed on March 17, 2025.  On March 27, 2025,

Safeco served Plaintiffs with Wesley Hamilton's Second Supplemental Report of

Findings.  Safeco filed a Motion for Partial Summary Judgment on April 4, 2025.

On April 25, 2025, Plaintiffs served Safeco with their Supplemental Rule

26(a)(1)(A) Disclosures, in which they disclosed for the first time their next-door

---

[4]There was a typographical error in the Third Amended CMO, and the parties correctly interpreted that this deadline applied to Defendant Safeco, not Plaintiffs.

neighbors, Daniel Segerson and Michael Cilufo, as persons having discoverable information.

### A. Motion to Strike Jared Leighton

Plaintiffs move to strike Jared Leighton as an expert witness and argue he should be precluded from offering testimony in this case.  They argue that he is a primary expert, not a surrebuttal expert as Safeco has designated him, and the substance of his testimony does not address other expert opinions in this case, but rather he is being offered to provide new opinions about an issue that has been at the heart of this dispute from the beginning –whether hail fell on July 9-10, 2021.

Safeco disclosed Jared Leighton, a forensic meteorologist, as a surrebuttal expert.  Notably, Mr. Leighton testified that he was not aware that he was a rebuttal, let alone a surrebuttal expert, and he had not been asked to rebut any expert reports or opinions.  Mr. Leighton testified that he was tasked with providing meteorological conditions and determining the likelihood of hail at Plaintiffs' home on July 9-10, 2021, and on other dates.  (ECF No. 215, Ex. 1 at 27).  In forming his opinions, Mr. Leighton neither inspected Plaintiffs' home nor talked to Plaintiffs or any of their neighbors.  Instead, Mr. Leighton based his opinions on weather records.

In his report, which is dated February 27, 2025, Mr. Leighton provides the following opinions based on review of radar and other weather data:

> On July 9-10, 2021, two rounds of thunderstorms moved near the Kar residence. Hail likely did not occur at the property location during the

first storm as it missed the property by more than five miles.  Hail was
unlikely at the Kar residence with the second round of thunderstorms
later that night; however, isolated sub-severe hail was possible.

(ECF No. 226, Ex. 4 at 18).  He further opines that between January 1, 2010, though
February 13, 2025, hail was likely at Plaintiffs' residence on May 25, 2011, April
28, 2012, June 28, 2015, April 15, 2023, and March 14, 2024, with hail larger than
one inch likely on May 25, 2011, only.  (*Id.*)  Nowhere in Mr. Leighton's report and
testimony does he reference or directly rebut anything from Plaintiffs' rebuttal
expert, Susan Pruchnicki.  It is not clear from the record whether he even read Ms.
Pruchnicki's report.

The Federal Rules of Civil Procedure provide for the disclosure of rebuttal
experts, whose testimony "is intended solely to contradict or rebut evidence on the
same subject matter identified by another party."  Fed. R. Civ. P. 26(a)(2)(D)(ii).  As
the Court of Appeals for the Eighth Circuit has explained, "[t]he function of rebuttal
testimony is to explain, repel, counteract or disprove evidence of the adverse party."
*Marmo v. Tyson Fresh Meats, Inc.,* 457 F.3d 748, 759 (8th Cir. 2006) (citing *United
States v. Lamoreaux,* 422 F.3d 750, 755 (8th Cir. 2005)).  And the role of a rebuttal
or surrebuttal expert is "to challenge the evidence or theory of an opponent – and not
to establish a case-in-chief.".  *Id.  See also Faigin v. Kelly,* 184 F.3d 67, 85 (1st Cir.
1999) ("The principal objective of rebuttal is to permit a litigant to counter new,
unforeseen facts brought out in the other side's case.").  Testimony that only offers

additional support to an argument made in a case-in-chief is improper on rebuttal. *Dejana v. Marine Tech., Inc.*, No. 4:11-CV-1690 JAR, 2013 WL 6768407 (E.D. Mo. Dec. 20, 2013).

Safeco argues Mr. Leighton is a surrebuttal expert to Plaintiffs' rebuttal expert, Susan Pruchnicki, and that he is rebutting Ms. Pruchnicki's opinions that damage to Plaintiffs' roof occurred as the result of the hail and wind storm on July 9-10, 2021, and it is unlikely that the damage occurred in 2009 and 2012, as the Rimkus report suggests.  Ms. Pruchnicki, an architect, based her opinions on inspection of the damage, discussions with the owners, and review of roofing reports, engineering reports, and an insurance estimate.  As discussed above, she did not offer an opinion as to weather conditions on July 9-10, 2021, or any other day, and she will be precluded from doing so should this case go to trial.  As she testified, she is not a weather expert and does not hold herself out to be one.

Mr. Leighton, however, is a weather expert.  He is a forensic meteorologist. In its response, Safeco does not sufficiently explain how Mr. Leighton took the evidence that Ms. Pruchnicki used as a basis for her rebuttal opinions and provided a different opinion or an analysis of her opinions.  As Mr. Leighton testified, he was asked to provide meteorological conditions and determine the likelihood of hail at Plaintiffs' residence on July 9-10, 2021, and on other dates.  He was not asked to rebut other expert opinions in this case, let alone Ms. Pruchnicki's.

Questions as to whether there was hail on July 9-10, 2021, and if so, whether it was sizeable enough to cause damage to Plaintiffs' roof have been at the heart of this dispute since it began.  In fact, Safeco's position, that there was no hail of sufficient size to cause damage to Plaintiffs' roof on July 9-10, 2021, was the basis upon which it denied Plaintiffs' claim.  Furthermore, as discussed above, Safeco's primary expert, Wesley Hamilton, addressed these questions in his report, and although he is not an expert in weather data, he concluded that the damage to the roof's metal implements was not the result of hail on July 9-10, 2021, but rather the damage likely occurred during earlier storms.  Upon review of the record, the Court agrees with Plaintiffs that Mr. Leighton is not being offered to rebut the opinions of another expert witness, but rather his expert report and testimony are being offered to bolster Safeco's initial position that no hailstones of sufficient size fell on Plaintiffs' roof on July 9-10, 2021.  Although he is labeled a surrebuttal expert, Mr. Leighton is being offered as a primary expert to offer opinions and testify in support of Safeco's main theory in this case.

As a primary expert, under the operative CMO, Safeco was required to disclose Mr. Leighton prior to March 26, 2024.  The Court finds that Safeco's failure to disclose Mr. Leighton in a timely manner was not justified.  Further, in light of the fact that Safeco disclosed Mr. Leighton so late in these proceedings, when Plaintiffs' expert disclosure deadlines had passed, the Court finds the late disclosure

was not harmless, and Plaintiffs have been prejudiced in that they did not have the opportunity to obtain an expert in meteorology to rebut his opinions.  Therefore, the Court will grant Plaintiffs' motion to strike and preclude Safeco from offering Mr. Leighton's testimony and opinions in this case.  *See* Fed. R. Civ. P. 26(a)(2)(D) and 37(c)(1); *Marmo,* 457 F.3d at 759 (affirming exclusion of expert witness, who was not offering rebuttal testimony); *Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1008–09 (8th Cir. 1998) (affirming exclusion of new expert, who was disclosed for the first time at the end of discovery).

### B. Motion to Strike Wesley Hamilton's Second Supplemental Report

Plaintiffs also move to strike the Wesley Hamilton's Second Supplemental Report, which is dated March 14, 2025.  Safeco produced the report on March 27, 2025, after the close of discovery.  In his Second Supplemental Report, Mr. Hamilton states explicitly that he was asked to prepare a new report to address Ms. Pruchnicki's expert report.  Plaintiffs argue that the report is a surrebuttal report of an expert, and it should have been disclosed on or before March 3, 2025, Safeco's surrebuttal expert disclosure deadline.

Safeco responds that the report is not a surrebuttal report but a supplement to Mr. Hamilton's prior reports, and it was required to make the supplemental disclosure under Fed. R. Civ. P. 26(e)(2).  Safeco argues that the Second Supplemental Report is consistent with Mr. Hamilton's prior opinions.  It argues that

the Second Supplemental report merely explains and clarifies Mr. Hamilton's initial opinions regarding freeze thaw spalling.

Under Rule 26(a), an expert's report must contain "a complete statement of all opinions the witness will express and the basis and reasons for them."  Fed. R. Civ. P. 26(a)(2)(B)(i).  A party has a duty to supplement an expert's report if there are any additions or changes to information included in the report or information given during the expert's deposition.  Fed. R. Civ. P. 26(e)(2).  If a party fails to provide information required by Rule 26(a), and/or does not provide supplemental information pursuant to Rule 26(e), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  Courts in this district have held that the duty to supplement under Rule 26(e)(2) arises "when the expert subsequently learns of information that was previously unknown or unavailable, and the new information renders the earlier report incomplete or inaccurate."  *McClurg v. Mallinckrodt, Inc*., No. 4:12-CV-00361-AGF, 2017 WL 3116138, at *3 (E.D. Mo. July 21, 2017) (quotation and citation omitted).  *See also Drake v. Old Dominion Freight Line, Inc*., No. 1:22-CV-21-ACL, 2024 WL 4903720, at *11 (E.D. Mo. Nov. 27, 2024); *Robson v. Duckpond Ltd.,* No. 4:19-CV-01862-SRC, 2021 WL 719887, at *3 (E.D. Mo. Feb. 24, 2021).

The Court agrees with Plaintiffs that Mr. Hamilton's Second Supplemental Report is not a proper supplement under Rule 26(e)(2).  The Second Supplemental Report is a critique of Ms. Pruchnicki's report.  Mr. Hamilton addresses a number of Ms. Pruchnicki's opinions, and he explains why he believes her opinions are flawed.  Mr. Hamilton also contrasts Ms. Pruchnicki's opinions with his own, and in doing so, Mr. Hamilton augments and provides additional support for his opinions.  Importantly, other than Ms. Pruchnicki's report, Mr. Hamilton does not reference information that was previously unknown or unavailable and the time he offered his original opinions, and moreover, he does not state that his prior reports were incomplete or inaccurate.  In fact, he reaches the conclusion that there was "no information worthy of changing or altering" his prior conclusions.  (ECF No. 228, Ex. A at 2).

After careful review of the Second Supplemental Report, the Court finds that Mr. Hamilton is not supplementing his original opinions based on new information that was previously unknow or unavailable; he is rebutting Ms. Pruchnicki's opinions. He is essentially providing argument as to why his opinions are sounder and more reliable than Ms. Pruchnicki's opinions.  Allowing supplementation "whenever a party wants to bolster or submit additional expert opinions would [wreak] havoc [on] docket control and amount to unlimited expert opinion preparation."  Robson., 2021 WL 719887, at *3 (quoting Akeva L.L.C. v. Mizuno

27

Corp., 212 F.R.D. 306, 310 (M.D.N.C. 2002)).  The Court finds that Mr. Hamilton's Second Supplemental Report exceeds the bounds of a proper Rule 26(e)(2) supplementation.  Further, as the report was produced so late in these proceedings, after all the expert deadlines had passed, the Court will grant Plaintiffs' motion to strike Mr. Hamilton's Second Supplemental Report.  The report will be excluded as evidence in this case.  Fed. R. Civ. P. 37(c)(1).

### C. Motion to Strike Plaintiffs' Supplemental Rule 26(a)(1)(A) Disclosures

Plaintiffs served their Supplemental Rule 26(a)(1)(A) Disclosures on April 25, 2025, in which they identified, for the first time, their next-door neighbors, Daniel Segerson and Michael Cilufo, as persons who are likely to have discoverable information to support their claims.  Plaintiffs did not disclose Messrs. Segerson and Cilufo when they made their initial Rule 26(a)(1)(A) disclosures on July 13, 2023.

Under Rule 26(e), parties have a duty to supplement their disclosures. Disclosures must be supplemented or corrected "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  Fed. R. Civ. P. 26(e)(1)(A).

Safeco moves to strike Plaintiffs' supplemental disclosures and asks that the Court preclude Plaintiffs from using Messrs. Segerson and Cilufo as witnesses in

this case.  In support of its motion, Safeco asserts that Plaintiffs' counsel was aware of Messrs. Segerson and Cilufo when they served their initial disclosures because Plaintiffs' counsel represents the two men in another suit, which was filed in 2023. Safeco argues that it would be prejudiced if the Court were to allow Plaintiffs to name two new fact witnesses, who it did not have the opportunity to depose or cross examine prior to trial.

Plaintiffs respond that Messrs. Segerson and Cilufo were known to Safeco since 2021, when the two men filed an insurance claim for damages to their house sustained as a result of the same July 9-10, 2021 storm.  Plaintiffs also point to the fact that Safeco's counsel have known of Messrs. Segerson and Cilufo since March 2023, when the two men filed suit against Safeco and its affiliated companies in state court.  Safeco's counsel, Mr. Schaffer and Ms. Smith, both entered appearances in that suit.  According to Plaintiffs, Ms. Smith attended the inspection of the Segerson-Cilufo home with Safeco's experts from Rimkus – an inspection that took place on the same day Rimkus inspected Plaintiffs' home.  Furthermore, Mr. Schaffer attended a mediation with Messrs. Segerson and Cilufo.  Plaintiffs also point to the fact that documents concerning Messrs. Segerson and Cilufo's insurance claim have been produced in this case.

Plaintiffs did not disclose Messrs. Segerson and Cilufo in their initial disclosures, and it appears from the record that they should have, but the Court

agrees with Plaintiffs that they were not required to supplement their initial disclosures because information regarding Messrs. Segerson and Cilufo was made known during the discovery process in this case.  Further, to the extent Plaintiffs should have disclosed Messrs. Segerson and Cilufo in their initial disclosures, the Court finds that Plaintiffs' failure to do so was harmless.  Safeco has suffered no prejudice as of result of Plaintiffs' failure to disclose the two men in their initial disclosures, because from the beginning, Safeco and its counsel were well aware of Messrs. Segerson and Cilufo, that they were Plaintiffs' next-door neighbors, and that they believed the July 9-10, 2021 storm caused hail damage to their home.  In other words, Safeco knew Messrs. Segerson and Cilufo were likely to have discoverable information that was relevant to this suit.  And despite Safeco's protestations to the contrary, its counsel had the opportunity to take their depositions but chose not to. Safeco's motion to strike Plaintiffs' Supplemental Rule 26 Disclosures will be denied.  *See Farmland Indus., Inc. v. Morrison-Quirk Grain Corp.*, 54 F.3d 478, 482 (8th Cir. 1995); *Sunflower Redevelopment, LLC v. Illinois Union Ins. Co.*, No. 4:15-CV-00577-DGK, 2018 WL 3118625, at *2 (W.D. Mo. June 25, 2018).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Safeco Insurance Company of America's Motion for Extension of Time to Respond to Plaintiffs' Motion to

Exclude Testimony of Defendant's Expert Wes Hamilton is **GRANTED**.  [ECF No. 175].

 **IT IS FURTHER ORDERED** that Plaintiffs Arindam Kar and Shanna Kar's Motion to Exclude Expert Testimony of Wesley Hamilton is **GRANTED in part** and **DENIED in part**.  Consistent with this Opinion, Memorandum and Order, the motion is **GRANTED** to the extent that Wesley Hamilton will be precluded from offering opinions that are based on weather data, including if weather data establish, or even support, a finding that hail of any size fell on Plaintiffs' home on July 9-10, 2021, or on any other date.  In all other respects, the motion is **DENIED.**  [ECF No. 169]

 **IT IS FURTHER ORDERED** that Plaintiffs Arindam and Shanna Kar's Motion for Leave to File a Limited Response to Defendant's Reply to its Motion to Exclude Plaintiffs' Retained Expert Jacob Graham, which the Court construes as a Motion for Leave to File a Surresponse, is **GRANTED.**  [ECF No. 153].

 **IT IS FURTHER ORDERED** that Safeco Insurance Company of America's Motion to Exclude Expert Testimony of Jacob Graham is **GRANTED in part** and **DENIED in part**.  Consistent with this Opinion, Memorandum and Order, the motion is **GRANTED** to the extent that Jacob Graham will be precluded from offering opinions that are based on weather data, including if weather data establish, or even support, a finding that hail of any size fell on Plaintiffs' home on July 9-10,

2021, or on any other date.  In all other respects, the motion is **DENIED.**  [ECF No. 126]

     **IT IS FURTHER ORDERED** that Safeco Insurance Company of America's Motion to Exclude Expert Testimony of Susan Pruchnicki is **GRANTED in part** and **DENIED in part**.  Consistent with this Opinion, Memorandum and Order, the motion is **GRANTED** to the extent that Susan Pruchnicki will be precluded from offering opinions that are based on weather data, including the issue of if weather data establish, or even support, a finding that hail of any size fell on Plaintiffs' home on July 9-10, 2021, or on any other date.  In all other respects, the motion is **DENIED.**  [ECF No. 191]

     **IT IS FURTHER ORDERED** that Plaintiffs Arindam Kar and Shanna Kar's Motion to Strike Sur-Rebuttal Expert Report and Testimony of Jared Leighton is **GRANTED.**  [ECF No. 215]

     **IT IS FURTHER ORDERED** that Arindam Kar and Shanna Kar's Motion to Strike Wesley Hamilton's Second Supplemental Expert Report is **GRANTED.** [ECF No. 217]

     **IT IS FURTHER ORDERED** that Plaintiffs Arindam and Shanna Kar's Motion for Leave to File a Surreply in opposition to Safeco's Motion to Strike Plaintiffs' Supplemental Rule 26(a)(1) Disclosures, which the Court construes as a motion for leave to file a surreponse, is **GRANTED**.  [ECF No. 242]

**IT IS FURTHER ORDERED** that Safeco Insurance Company of America's Motion to Strike Plaintiffs' Supplemental Rule 26(a)(1) Disclosures is **DENIED.** [ECF No. 219].

**IT IS FURTHER ORDERED** that Plaintiffs Arindam and Shanna Kar's Motion for Leave to File Out of Time is **DENIED**.  [ECF No. 229]

Dated this 8th day of August, 2025.


_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE