UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ARINDAM KAR, et al., | ) |
| Plaintiff, | ) |
| v. | ) No. 4:23-CV-207 HEA |
| SAFECO INSURANCE COMPANY OF AMERICA, et al. | ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on three motions for partial summary judgment filed by Defendant Safeco Insurance Company of America ("Safeco"). Safeco filed a Motion for Partial Summary Judgment as to Plaintiffs' Claim of Vexatious Refusal to Pay an Insurance Claim, Count II. (ECF No. 128). Plaintiffs failed to file a response to this motion, and the time to do so has expired. Also pending before the Court is Safeco's Motions for Partial Summary Judgment as to Plaintiffs' Breach of Contract Claim for Hail Damage, Count I, and for Partial Summary Judgment as to Plaintiffs' Equitable Estoppel Claim, Count III. (ECF Nos. 193 and 209). Plaintiffs oppose these two motions for partial summary judgment, and they are fully briefed and ripe for review. For the reasons that follow, the Court grants Safeco's Motion for Partial Summary Judgment as to Plaintiffs' Claim of Vexatious Refusal to Pay

an Insurance Claim and for Partial Summary Judgment as to Plaintiffs' Equitable Estoppel Claim and denies Safeco's Motion for Partial Summary Judgment as to Plaintiffs' Breach of Contract Claim for Hail Damage.

### I.  Background

This cause of action involves an insurance dispute.  Plaintiffs Arindam and Shanna Kar are a married couple.  Safeco issued a homeowners' policy to Plaintiffs that was in effect from September 26, 2020 through September 26, 2021, that covered the couple's large, historic home, which is located in the Compton Heights Historic District in St. Louis, Missouri.  Plaintiffs allege that from late night July 9, 2021 into the early morning of July 10, 2021, a storm caused damage to their residence.  Plaintiffs submitted a claim to Safeco for hail, wind, and storm damage to their historic roof, which is covered in the home's original clay tiles.  Safeco denied Plaintiffs' claim for coverage, and Plaintiffs allege that Safeco mishandled their claim and failed to reimburse covered losses under their policy.

Plaintiffs originally filed suit in state court.  They bring the following three counts in their Petition (hereinafter "Complaint"): breach of contract (Count I); vexatious refusal to pay insurance claim in violation of Mo. Rev. Stat. §§ 375.420 and 375.296 (Count II); and equitable estoppel to deny coverage (Count III).  For relief, Plaintiffs seek money damages, attorneys' fees, and costs and interest.  Safeco

removed the cause of action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1441, 1446 and 1332.

In the motions presently before the Court, Safeco moves for the entry of summary judgment as to Plaintiffs' claim for vexatious refusal to pay an insurance claim. Safeco contends that the undisputed evidence in this case shows that it acted reasonably and was not recalcitrant or vexatious in the handling of Plaintiffs' claim of loss. Safeco also moves for the entry of summary judgment as to Plaintiffs' claim for breach of contract for hail damage. Safeco argues that Plaintiffs have no evidence hail damaged their house on July 9-10, 2021 and, therefore, Safeco had no obligation to pay for hail damage. Finally, Safeco moves for the entry of summary judgment as to Plaintiffs' claim for equitable estoppel. Safeco argues: (1) Plaintiffs have failed to properly state a claim for equitable estoppel; (2) Plaintiffs have failed to establish that Safeco repudiated or contradicted a statement; (3) estoppel should not be considered when there is a contract between the parties and the statute of frauds applies; and (4) estoppel cannot create coverage where an insurance policy never provided it. Plaintiffs only oppose Safeco's arguments as to Count I, for breach of contract, and Count III, for equitable estoppel.

## II.    Legal Standard

Pursuant to Federal Rule of Civil Procedure 56(a), a court may grant a motion for summary judgment if all of the information before the court shows "there is no

3

genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The initial burden is placed on the moving party. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988) (the moving party has the burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its favor). Once this burden is discharged, if the record shows that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on a material factual issue. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986).

Once the burden shifts, the non-moving party may not rest on the allegations in his pleadings but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(c); *Herring v. Canada Life Assur. Co.*, 207 F.3d 1026, 1030 (8th Cir. 2000); *Allen v. Entergy Corp.*, 181 F.3d 902, 904 (8th Cir. 1999). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). A dispute about a material fact is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Herring*, 207 F.3d at 1029 (quoting *Anderson*, 477 U.S. at 248). A party resisting summary judgment

4

has the burden to designate the specific facts that create a triable question of fact, *see Crossley v. Georgia-Pac. Corp.*, 355 F.3d 1112, 1114 (8th Cir. 2004), and "must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor." *Davidson & Assocs. v. Jung*, 422 F.3d 630, 638 (8th Cir. 2005).

With this standard in mind, the Court accepts the following facts as true for purposes of resolving the motions for partial summary judgment presently before the Court.[1]

### III. Facts

Safeco issued a homeowners' policy to Plaintiffs that provided coverage from September 20, 2020 through September 20, 2021. The policy states "This policy applies only to losses occurring during the policy period." (ECF No. 130, Ex. 1 at 1). The policy insured Plaintiffs against certain losses, including hail and storm damage, to their home.

---

[1] In an Opinion, Memorandum and Order dated August 7, 2025, the Court granted in part and denied in part motions by the parties to exclude expert testimony in this case. As set forth in the Opinion, Memorandum and Order, experts Wesly Hamilton, Jacob Graham, and Susan Pruchnicki are precluded from offering opinions that are based on weather data, including whether weather data establish, or even support, a finding that hail of any size fell on Plaintiffs' home on July 9-10, 2021, or on any other date. The Court also granted Plaintiffs' motion to strike Jared Leighton as an expert. While the parties submitted some of this evidence in support of and in opposition to the motions for partial summary judgment presently at bar, the Court did not consider the evidence in deciding Safeco's three Rule 56 motions.

Plaintiffs contend that from July 9, 2021 into the early morning of July 10, 2021, a hail and wind storm occurred at their residence, and they filed a claim for damage under the policy. In their claim of loss, Plaintiffs did not claim that there was damage to their detached garage as a result of the storm.

Plaintiff Arindam Kar also submitted a claim to Safeco for storm damage to his car, which was outside the night of the store. An inspection at a repair shop found no hail damage on the car.

Defendant hired Thomas Veasey, a contract inspector, to inspect the roof. Mr. Veasey determined there was minor wind damage, the amount of which was below Plaintiffs' deductible, but no hail damage. Plaintiffs requested that Defendant re-examine their roof because they believed there was significant hail damage.

Rimkus Consulting Group, Inc. ("Rimkus") was hired by Safeco or its affiliate company, Liberty Mutual Insurance Company, to inspect the roof. Wesley Hamilton, a professional engineer with Rimkus did the inspection and prepared a report. Mr. Hamilton determined that there was evidence of old hail damage to metal implements on the clay tile roof, which did not affect their functionality, but no new hail damage. Mr. Hamilton observed that there were indentations of hail in the old copper downspouts but not on the new non-copper downspouts. Mr. Hamilton did not find hail damage on the clay tiles.

6

Plaintiffs hired Jacob Graham of Renaissance Historic Exteriors ("Renaissance") to inspect the roof. Mr. Graham disagreed with Mr. Hamilton's conclusions in a number of respects. Mr. Graham opined that the hail damage to the metal gutters, copper downspouts, valley flashings, and chimney caps did negatively affect their functionality. He also opined that hail impact had caused damage to some of the clay tiles.

Prior to Plaintiffs' purchase of their home, Architect Home Inspection Ltd. ("AHI") prepared a prepurchase inspection report dated July 20, 2019. The AHI report does not specify that there is hail damage to the roof, although it does note that the main roof surface, which is made of clay tiles, is "marginal." (ECF No. 195, Ex. 9 at 6). Marginal is defined by the report as "may not be fully functional and in need of maintenance, service or repair." (*Id.* at 2). The description of the Main Roof Surface Section states:

> Marginal Material: Clay tile. One missing from the south edge of the east side dormer in need of replacement or reinstallation. SEE PHOTO. Anticipate periodic need for professional maintenance and repairs on old clay tile roof.

(*Id.* at 7).

In 2020, following their purchase of the home, Mr. Kar requested that St. Louis Slate and Tile Roofing inspect the roof for general maintenance. A repair estimate from St. Louis Slate and Tile Roofing from 2020 does not mention hail damage to the roof, although it did note that the roof valleys that were showing

7

advanced wear. (ECF No. 195, Ex. 10 at 2). The company recommended replacing four valleys on two dormers and the turret. The report also proposed replacing missing field tiles. Plaintiffs did not do any of St. Louis Slate and Tile Roofing's proposed repairs.

On June 11, 2022, Safeco denied coverage based on Mr. Hamilton's analysis. The denial letter stated, "the policy does not afford coverage for non-storm related damage and or hail damage that occurred before the policy was in effect. Therefore, there is no coverage for your claim." (ECF No. 130, Ex. 7 at 1).

Plaintiffs cannot confirm that they saw hail on July 9-10, 2021. More, specifically, Mrs. Kar testified that she did not recall either seeing or hearing any hail on July 9-10, 2021. (ECF No. 198, Ex. 3 at 2-3). When asked if he ever saw any hail, Mr. Kar testified, "It's possible, but I can't say that with specificity." (ECF No. 222, Ex. 2 at 17).

Plaintiffs' next-door neighbors, Daniel Segerson and Michael Cilufo, saw and heard hail the night of July 9, 2021. Following the storm on July 9-10, 2021, Messrs. Segerson and Cilufo saw pieces of clay tile shingles in their yard that were from Plaintiffs' roof, and the pieces were not there before the storm.

## II.    Discussion

**A. Vexatious Refusal**

Safeco argues that it is entitled to judgment as a matter of law as to Plaintiffs' claim for vexatious refusal to pay an insurance claim. Under Missouri law, an insured party may recover statutory damages and attorney's fees when an insurance company refuses to pay for a "loss under a policy" if the company "has refused to pay such loss without reasonable cause or excuse." Mo. Rev. Stat. § 375.420.

To establish a claim for vexatious refusal to pay, Plaintiffs must prove: (1) they had an insurance policy with Safeco; (2) Safeco refused to pay; and (3) Safeco's refusal to pay was without reasonable cause or excuse. *Macheca Transp. v. Philadelphia Indem. Ins. Co.*, 649 F.3d 661, 674 (8th Cir. 2011) (citing *Dhyne v. State Farm Fire & Cas. Co.,* 188 S.W.3d 454, 457 (Mo. 2006)). "There is no vexatious refusal when the insurer has reasonable cause to believe and does believe there is no liability under its policy and that it has a meritorious defense." *Id.* (*citing Wood v. Safeco Ins. Co. of Am.*, 980 S.W.2d 43, 55 (Mo. Ct. App. 1998)). "[W]here there is an open question of law or *fact* relating to a claim under an insurance policy, the insurer may insist upon a judicial determination of those questions without being penalized for vexatious refusal to pay." *Cockerham v. Am. Fam. Mut. Ins. Co.*, 561 S.W.3d 862, 868 (Mo. Ct. App. 2018) (citing *Drury Co. v. Missouri United Sch. Ins. Couns.*, 455 S.W.3d 30, 38 (Mo. Ct. App. 2014) (emphasis added). "The test for a

9

vexatious refusal claim is not the final resolution of the coverage issues but how willful and unreasonable the insurer's refusal was as the facts appeared to a reasonable and prudent person at the time the insurer was asked for coverage." *Id.*

Safeco argues that it is entitled to the entry of summary judgment on this claim because it had reasonable cause to believe that hail did not damage Plaintiffs' home on July 9-10, 2021. In support of its argument, Safeco points to the following facts: that its consultant, Thomas Veasey, found no evidence of hail damage and determined there was minor wind damage that was below Plaintiffs' deductible; that its expert, Welsey Hamilton, found old hail damage but none that he believed was attributable to the July 9-10, 2021 storm; that Plaintiffs could not confirm that they saw or heard hail; that Plaintiffs' expert, Jacob Graham, could not establish when the hail damage that he observed had occurred; that there was no hail damage on Plaintiffs' cars, which were parked outside that night; and that Plaintiffs did not report any damage on their detached garage. The Court finds Safeco has met its initial burden for summary judgment.

Plaintiffs failed to respond to Safeco's motion for summary judgment directed to Plaintiffs' claim for vexatious refusal to pay, and thus, did not oppose the motion. A party's failure to oppose a basis for summary judgment amounts to a waiver of that argument. *See City of Kennett, Missouri v. Env't Prot. Agency*, 887 F.3d 424, 430 (8th Cir. 2018); *Satcher v. Univ. of Arkansas at Pine Bluff Bd. of Trs.*, 558 F.3d

10

731, 735 (8th Cir. 2009)). As Plaintiffs have waived arguments in opposition to the entry of summary judgment on their claim for vexatious refusal to pay, the Court finds Safeco is entitled to summary judgment as to Count II.

### B. Breach of Contract

In Count I, Plaintiffs bring a claim for breach of contract. Plaintiffs allege their home sustained hail and wind damage as result of the storm on July 9-10, 2021, and that Safeco breached the terms of their homeowners' policy by failing to pay for loss caused by the hail, wind and storm damage.

Under Missouri law, "A breach of contract action includes the following essential elements: (1) the existence and terms of a contract; (2) that plaintiff performed or tendered performance pursuant to the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff." *Keveney v. Missouri Mil. Acad.*, 304 S.W.3d 98, 104 (Mo. 2010). The interpretation of an insurance contract is a question of law. *Doe Run Res. Corp. v. Am. Guarantee & Liab. Ins.*, 531 S.W.3d 508, 511 (Mo. 2017). "If the language in an insurance contract is clear and unambiguous, [a court] must construe the contract as written...." *Bellamy v. Pac. Mut. Life Ins. Co.*, 651 S.W.2d 490, 495 (Mo. 1983). A court should "give terms their plain and ordinary meaning unless it is clear from the policy that the parties intended an alternate meaning." *Gavan v. Bituminous Cas. Corp.*, 242 S.W.3d 718, 720 (Mo. 2008). "A phrase is ambiguous only if it is 'reasonably open

11

to different constructions.'" *Doe Run Res. Corp.*, 531 S.W.3d at 511 (quoting *Mendenhall v. Prop. & Cas. Ins. Co. of Hartford*, 375 S.W.3d 90, 92 (Mo. 2012).

Safeco is moving for the entry of partial summary judgment as to Plaintiffs' claim for breach of contract based on purported hail damage only. Safeco is not moving for summary judgment as to wind and/or storm damage. It argues that Plaintiffs have no evidence that there was hail on July 9-10, 2021, or in the alternative, if there is some basis for a fact-finder to find there was hail, there is no evidence that the hail was of a sufficient size to have caused damage to Plaintiffs' clay tile roof.

The Court finds Plaintiffs have come forward with evidence that there was hail on July 9-10, 2021. Plaintiffs' next-door neighbors, Messrs. Segerson and Cilufo, executed affidavits in which they attest that they saw and heard hail the night of July 9, 2021. They also attest to the fact that following the storm, they saw pieces of clay tile shingles in their yard that were from Plaintiffs' roof, and the pieces were not there before the storm.

As for whether there was hail of sufficient size to cause damage to the clay tile roof, there is no evidence in the record before the Court as to the size of the hail Messrs. Segerson and Cilufo observed that night. While Mr. Hamilton did opine that it would take hail larger than one inch to damage clay tiles, he did not opine as to what size hail would cause damage to other parts of the roof, including metal

12

implements and the flat-top section. It is undisputed that following the July 9-10, 2021 storm, hail damage was observed on gutters, downspouts, chimney caps, and other parts of the roof, but there remain disputes of fact as to when this damage occurred.

In its reply, Safeco points to the fact that there are photographs taken by St. Louis Slate and Tile Roofing in 2017 that show hail damage to the metal implements on Plaintiffs' roof. According to Safeco, St. Louis Slate and Tile Roofing provided these documents in response to a business record subpoena, and Plaintiffs produced them to Safeco on April 25, 2025, after its summary judgment motions were filed.

The Court has reviewed the photographs and agrees, to the extent they are admissible, that they suggest there was hail damage to metal components of the roof in 2017. However, it is not clear from the photographs whether the hail damage that was observed in 2017 is coextensive to the hail damage that was observed following the storm on July 9-10, 2021. As they were presented to the Court, the 2017 photographs are not conclusive evidence that the hail damage observed by Messrs. Hamilton and Graham occurred prior to July 9-10, 2021. The Court finds that there remain disputes of fact that preclude the entry of summary judgment as to Plaintiffs' claim for breach of contract based on Safeco's denial of their claim for hail damage. Safeco's motion for partial summary as to Count I will be denied.

## C. Equitable Estoppel

In Count III, Plaintiffs bring a claim for equitable estoppel to deny coverage. Plaintiffs allege that Safeco denied coverage under the policy "based solely on the allegations in the Rimkus report that the damages causing leaking to the Kar home were from pre-existing damage or freezing and thawing damage to the soft metal valley flashing, gutters, copper downspouts and other soft metals that resulted from." (ECF No. 5 at 15).  Plaintiffs further allege that they "have relied upon [Safeco]'s representation of the stated ground for denial"; and that their reliance was justified and reasonable. (*Id.* at 16). Therefore, "[Safeco] should be equitably estopped from denying coverage upon any grounds other than stated in its letter denying Mr. and Mrs. Kar's claim." (*Id.*) Plaintiffs are making a claim for equitable estoppel on the basis that Safeco should be estopped from changing their reasoning for denying the claim on any other basis than the basis set forth in its denial letter.

The Supreme Court of Missouri has set out three required elements for a finding of equitable estoppel: "(1) an admission, statement or act inconsistent with a claim afterwards asserted or sued upon, (2) action by the other party on the faith of such admission, statement or act, and (3) injury to such other party resulting from allowing the first party to contradict or repudiate such admission, statement or act." *Resnik v. Blue Cross & Blue Shield of Mo.*, 912 S.W.2d 567, 569 (Mo. Ct. App. 1995).

14

Safeco argues that Plaintiffs failed to state a claim of equitable estoppel because they have not alleged that Safeco contradicted or repudiated its statements in the June 11, 2022 denial letter.  Safeco also argues that Plaintiffs cannot establish or prove the claim, because they have not presented any evidence of this fact.  Safeco further argues that there is a written contract between the parties, and Plaintiffs are barred by the statute of frauds from asserting a claim of equitable estoppel.  Finally, Safeco argues that estoppel cannot create coverage where the policy never provided for it.

Plaintiffs respond that Safeco must be equitably estopped from changing its reasons for denying or limiting coverage under the policy.  They point to the fact that although Safeco has not issued a new denial letter, a corporate representative testified that Plaintiffs' home is ineligible to be insured because it is located in a historic district and has a clay tile roof that is more than 65 years old.  Plaintiffs also point to the fact that Safeco has put them on notice of a non-renewal for future coverage in April 2025.  Notably, Plaintiffs state in their memorandum in opposition that their "equitable estoppel claim is not used to create a cause of action but only to preserve pre-existing rights."  (ECF No. 223 at 12).

The Court agrees with Safeco that Plaintiffs have not come forward with evidence that Safeco has changed its position as to why it denied coverage under the policy.  There is no evidence in the record that Safeco has taken the position that the

15

policy in place on July 9-10, 2021 was void or not applicable because Plaintiffs' home is in a historic district and/or that it has an older clay tile roof. In fact, Safeco's corporate representative testified that from September 2020 to September 2021, Plaintiffs had coverage under their policy for hail and wind damage. The Court further finds that the non-renewal notice for future coverage is immaterial as to whether there was coverage on July 9-10, 2021. Finally, the Court agrees with Safeco that Plaintiffs admit that they are not asserting a claim for equitable estoppel when they wrote that their equitable estoppel claim is not used to create a cause of action. The Court finds Safeco is entitled to summary judgment on Count III.

### IV.   *Conclusion*

For the reasons set forth above, the Court finds Safeco is entitled to summary judgment as to Counts II and III of the Complaint. Regarding Count II, Safeco met its initial burden and has shown that it is entitled to the entry of summary judgment as to Plaintiffs' claim for vexatious refusal to pay an insurance claim. Plaintiffs failed to respond to Safeco's motion and, therefore, they have waived any argument opposing the entry of summary judgment as to this count. Further, Plaintiffs have failed to come forward with any evidence that Safeco has changed its position as to why it denied coverage under the policy and, therefore, Safeco is entitled to summary judgment to Plaintiffs' claim for equitable estoppel in Count III. As for Plaintiffs' claim for breach of the insurance contract, the Court finds there remain disputes of

16

material fact as to whether there was damage caused by hail during the coverage period, and Safeco is not entitled to partial summary judgment as to Count I.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Safeco Insurance Company of America's Motion for Partial Summary Judgment as to Plaintiffs' Claim of Vexatious Refusal to Pay is **GRANTED**. [ECF No. 128].

**IT IS FURTHER ORDERED** that Defendant Safeco Insurance Company of America's Motion for Partial Summary Judgment as to Plaintiffs' Breach of Contract Claim for Hail Damage is **DENIED**.  [ECF No. 193]

**IT IS FURTHER ORDERED** that Defendant Safeco Insurance Company of America's Motion for Partial Summary Judgment as to Plaintiffs' Equitable Estoppel Claim is **GRANTED**.  [ECF No. 209].

Dated this 12th day of August, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE