**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ARINDAM KAR, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 4:23-CV-207 HEA |
| v. | ) | |
| | ) | |
| | ) | |
| SAFECO INSURANCE COMPANY | ) | |
| OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the following post-trial motions: Plaintiffs Arindam Kar and Shanna Kar's Motion for Relief from Summary Judgment on Count II, Safeco Insurance Company of America's Motion for Remittitur or, in the Alternative, for New Trial, and Motion for Judgment as a Matter of Law Notwithstanding the Verdict or, in the Alternative, for New Trial.   (ECF Nos. 326, 328, and 330).[1] For the reasons that follow, the Court will deny the parties' post-trial motions.

---

[1] Also pending before the Court is Safeco's Motion for an order directing Plaintiffs to produce a copy of the document Plaintiffs' counsel showed to the jury in closing arguments as to the amount of damages Plaintiffs were requesting.  (ECF No. 329). Plaintiffs responded to the motion and produced a copy of the document. Therefore, the motion will be denied as moot.

## I.    *Background*

Plaintiffs Arindam and Shanna Kar, a married couple, submitted a claim to Safeco Insurance Company of America ("Safeco") for hail, wind, and storm damage to their home. Safeco denied Plaintiffs' claim for coverage, and Plaintiffs filed suit alleging that Safeco mishandled their claim and failed to reimburse covered losses under their policy. Plaintiffs brought the following three counts against Safeco: breach of contract (Count I); vexatious refusal to pay insurance claim in violation of Mo. Rev. Stat. §§ 375.420 and 375.296 (Count II); and equitable estoppel to deny coverage (Count III).

On November 1, 2024, Safeco filed a motion for partial summary judgment as to Count II, Plaintiffs' claim of vexatious refusal to pay an insurance claim. (ECF No. 128). On April 4, 2025, Safeco filed a motion for partial summary judgment as to Plaintiffs' breach of contract claim for hail damage, Count I, and on April 28, 2025, it filed a motion for partial summary judgment as to Plaintiffs' equitable estoppel claim, Count III. Plaintiffs opposed Safeco's motions for partial summary judgment directed at Counts I and III, but they failed to respond to Safeco's motion for partial summary judgment directed at Count II.  In the Opinion, Memorandum, and Order dated August 12, 2025, the Court granted Safeco's Motions for Partial Summary Judgment as to Counts II and III and denied Safeco's Motion for Partial Summary Judgment as to Count I.

2

On August 13, 2025, Plaintiffs filed a motion to set aside summary judgment as to Count II pursuant to Rules 54(b) and 60(b) of the Federal Rules of Civil Procedure.  In an Order dated September 9, 2025, the Court denied Plaintiff's motion. (ECF No. 260).   The Court found that Plaintiffs "ha[d] not established that the failure to respond to Safeco's Motion for Partial Summary Judgment as to the vexatious refusal claim was the result of excusable neglect, or that they are entitled to the relief they are requesting."   (ECF No. 260 at 9).

The parties went to trial on Plaintiffs' claim of breach of the insurance contract. At trial, Plaintiffs presented evidence that it stormed and had hailed overnight on July 9, 2021, and Safeco presented evidence to refute this fact. Experts testified regarding the damage to the Plaintiffs' roof, and they offered differing opinions as to what caused the damage. Plaintiffs also presented evidence regarding the replacement cost of the roof, including the submission of two written estimates and testimony from two expert witnesses. In the end, the jury returned a verdict in favor of Plaintiffs. The jury awarded Plaintiffs $1,028,800.00 in damages.

## II.    Discussion

### A. Safeco's Motion for Judgment as a Matter of Law or, in the Alternative, for New Trial.

Safeco asserts that pursuant to Rule 50(b) of the Federal Rules of Civil Procedure that it is entitled to judgment as a matter of law notwithstanding the verdict.   It argues that there was no legally sufficient basis for a reasonable jury to

3

find that Plaintiffs' roof had been damaged by hail such that Safeco was obligated to pay for the cost of replacing the roof. Safeco contends that based on the evidence submitted at trial, the jury did not have sufficient proof to reach its verdict in favor of Plaintiffs.

A party seeking to overturn a jury verdict based on the insufficiency of the evidence faces an onerous burden. *See United States v. Big D Enters., Inc.*, 184 F.3d 924, 929 (8th Cir. 1999). "Judgment as a matter of law is only appropriate when no reasonable jury could have found for the nonmoving party." *Hopman v. Union Pac. R.R.*, 68 F.4th 394, 399 (8th Cir. 2023) (citations omitted). Entry of judgment as a matter of law "is proper only when there is a complete absence of probative facts to support the conclusion reached so that no reasonable juror could have found for the nonmoving party." *Henderson v. Simmons Foods, Inc.*, 217 F.3d 612, 615 (8th Cir. 2000) (internal punctuation and citations omitted). See also *S. Wine & Spirits of Nevada v. Mountain Valley Spring Co., LLC*, 646 F.3d 526, 533 (8th Cir. 2011) ("Judgment as a matter of law is only appropriate when no reasonable jury could have found for the nonmoving party.").

In ruling on a motion for judgment as a matter of law, "the district court must (1) consider the evidence in the light most favorable to the prevailing party, (2) assume that all conflicts in the evidence were resolved in favor of the prevailing party, (3) assume as proved all facts that the prevailing party's evidence tended to

prove, and (4) give the prevailing party the benefit of all favorable inferences that may reasonably be drawn from the facts proved. *Cont'l Res., Inc. v. Fisher*, 102 F.4th 918, 925 (8th Cir. 2024) (citations and quotations omitted). "[A district] court must [ ] deny the motion if reasonable persons could differ as to the conclusions to be drawn from the evidence." *Id.*

The Court finds that there was sufficient evidence from which a reasonable jury could conclude that Plaintiffs' roof sustained hail and storm damage during the July 9–10, 2021 storm, and that Safeco breached the insurance contract by refusing to pay for the loss. Experts testified that the clay tile roof exhibited fracture patterns, spalling, and displacement consistent with hail impacts and wind damage, and they explained that such impacts can produce functional damage requiring full replacement.   The experts also testified that hail and wind may affect historic clay tile differently than newer metal components, and the absence of damage to gutters or air-conditioning units does not preclude hail and wind damage to the roof itself. Further, two roofing companies evaluated the property and prepared written bids for replacement of the entire roof based on the damage.

The jury also heard testimony from Dan Segerson, Plaintiffs' next-door neighbor.  He testified that he personally observed gumball sized hail falling on July 9, 2021, and saw pieces of clay tile roof shingles from Plaintiffs' roof in his yard the next morning, which were not there previously. He also looked at

Plaintiffs' house and saw missing clay tile shingles that were not missing before the storm. There was evidence that Mr. Segerson sustained hail damage to his home during the same storm, and he testified that Safeco also insured his home, and it had accepted coverage and agreed to pay partial adjustment for hail damage to his roof. Further, Mrs. Kar testified that during the storm on July 9, 2021, she heard what sounded like furniture moving on the roof of her home. Both Mr. and Mrs. Kar testified that their roof had not leaked prior to the storm but began leaking immediately thereafter.

Photographs of the Plaintiffs' roof from 2017, 2019, and 2020 were also introduced into evidence, which showed that there was no substantial damage to the roof prior to July 9-10, 2021.  Photographs taken after the storm showed broken, fractured, and displaced clay tiles and impact-type markings inconsistent with ordinary weathering or age-related deterioration.  There was damage to the roof shown in the 2017 photographs, but the damage was absent in photographs taken during the 2019 and 2020 inspections. The inspector who inspected the house in 2019, before Plaintiffs moved in, testified that when he did his inspection, he did see some ordinary maintenance issues on the roof, but he did not see the damage at issue in this case.

Safeco's motion for judgment as a matter of law or for a new trial is centered around its argument that there was no "physical" evidence of hail of a sufficient

size, 1.5 inches, that struck Plaintiff's house. Safeco concedes, however, that Plaintiffs' next-door neighbor, Mr. Segerson, testified that he observed hail of this size at his house on the night of the storm.   But it is Safeco's contention that Mr. Segerson's verbal testimony was "flatly and incontrovertibly" contradicted by the fact that Plaintiffs' cars, which were parked outside, did not sustain hail damage. (ECF No. 345). It also points to the fact that there was an absence of damage to soft metal surfaces on Plaintiffs' home, such as window coverings and utility boxes.

Mr. Segerson's testimony was based on his personal knowledge and observations from the night of July 9, 2021, and the day after. It was admissible, probative evidence that supported the jury's finding that the storm caused damage to Plaintiff's property. The lack of hail damage to Plaintiffs' cars and soft metal fixtures on the house was also admissible, probative evidence, and it supported Safeco's position. The Court, however, does not agree with Safeco that this evidence necessarily disproves Mr. Segerson's testimony.   Where the cars were parked, the angle at which the hail fell, and the concentration of the hail would all impact whether there was hail damage. But even if the lack of hail damage to the cars and metal roof fixtures contradicted and disproved Mr. Segerson's testimony, the jury was not limited to finding that there was hail damage only. In the instructions, jurors were asked to determine whether there was damage to the

property that was caused by "wind, hail or storms" during the policy period. (ECF No. 319 at 16).

Certainly, there was evidence at trial to support Safeco's version of the facts, and in the Court's view, the verdict could have gone the other way.   But viewing the evidence in the light most favorable to Plaintiffs and resolving all conflicts of evidence in their favor, Plaintiffs presented admissible, probative evidence such that a reasonable jury could reach the conclusion that there was wind, hail, or storm damage to Plaintiff's property as a result of the storm on July 9-10, 2021, and Safeco did not pay Plaintiffs for the repair and/or replacement costs for the damage. Safeco has not met its burden and has not shown that no reasonable jury could have found for the Plaintiffs. *Hopman*, 68 F.4th at 399. The Court finds "reasonable persons could differ as to the conclusions to be drawn from the evidence" that was presented at trial. *Continental Resources, Inc.*, 102 F.4th at 925. Safeco's Motion for Judgment as a Matter of Law or, in the Alternative, for New Trial is denied.

**B. Safeco's Motion for Remittitur or, in the Alternative, for New Trial.**

Safeco also moves for a remittitur. In its motion, Safeco argues that the jury's verdict was excessive and not supported by the evidence, because it was based on Plaintiffs' counsel's request for the jury to award damages to Plaintiffs for two roof replacement bids, which resulted in a double recovery for Plaintiffs. However, in its brief reply, Safeco concedes that it does not appear that the jury awarded

8

Plaintiffs the cost of two replacement roofs, but it continues to maintain that the $1,028,800.00 verdict was not supported by the evidence. Safeco argues this amount was based on a replacement cost of $966,000.00, which was never in evidence.

The Eighth Circuit Court of Appeals has instructed that "if a trial court determines that a jury award is excessive, it may order a new trial or condition a denial of a motion for a new trial on the plaintiff's acceptance of a remittitur." *Miller v. Huron Reg'l Med. Ctr.*, 936 F.3d 841, 846 (8th Cir. 2019) (citing Fed. R. Civ. P. 59; 11 Charles Alan Wright et al., Federal Practice and Procedure § 2815 (3d ed. 2012)). "Remittitur is not appropriate merely because the district court would have awarded a different amount than the jury." *Id.* (citing *Lincoln Composites, Inc. v. Firetrace USA, LLC*, 825 F.3d 453, 459 (8th Cir. 2016). "Rather, the court orders a remittitur when it believes the jury's award is unreasonable on the facts." *Ross v. Kansas City Power & Light Co.*, 293 F.3d 1041, 1049 (8th Cir. 2002) (quotation omitted). A remittitur is reserved for cases "where the verdict is so grossly excessive as to shock the judicial conscience." *Lincoln Composites, Inc.*, 825 F.3d at 459.

At trial, Plaintiffs introduced a roof replacement estimate dated February 3, 2022, from Old World Roofing in the amount of $424,748.53.   They also introduced a roof replacement estimate dated November 14, 2023, from

Renaissance Historic Exteriors for $644,000, which was a 51.6% increase over 21 months.

The jury also heard testimony from Plaintiffs' experts that construction materials and labor costs had increased significantly since November 2023. On direct examination, Susan Pruchnicki, an architect, testified as follows:

Q:     And are you familiar with material and labor pricing in 2025?

A:     Yes.

Q:     How does that compare to pricing in 2023?

…

[A:]    Okay. So cost escalation has been quite a factor in the last several years since COVID. It's been difficult to get contractor's whole pricing more than 30 days. I saw one proposal where they wouldn't hold their costs beyond a week, so it's been kind of a challenge to keep ahead of the cost increases and labor increases with both material and labor on projects.

Q:     So looking at this proposal in Exhibit 30 for $644,000, would you expect that price to be the same today?

A:     No.

Q:     Would you expect it to be significantly higher?

A:     Very much so.

Q:     Based upon your work with materials and labor costs –

A:     Yes.

Q:     -- that you do on a regular basis?

A:      Absolutely.

Q:      And in this market?

A:      Yes.

Q:      Do you believe that in November of '23, this was a fair and reasonable estimate of the cost to replace the Kar roof?

A:       I do.

…

A;      Excluding certain items that the bid would exclude?

A:      I do.

Q:      Such as wood, masonry, carpentry adjustments.

A:      Yes, and unforeseen conditions, yes.

(ECF No. 342 at 56-57).

Jacob Graham, a historic building specialist for Renaissance Historic Exteriors, provided the following testimony:

Q:      And so doing that in November of 2023 -- going back up to that page -- the total cost to replace this roof in November of 2023 would have been what?

A:      That is our quote for this cost back in 2023, $644,000.

Q:      And based upon your work and experience, have those prices gone up?

A:      They have.

Q:      Significantly?

A:    Correct, significantly since 2023, yes.

(ECF No. 314 at 175).

At closing, Plaintiffs' counsel highlighted that the cost for replacing the roof increased by a factor of 1.5 – from $424,748.53 to $644,000.00 – over a period of approximately 21 months – from February 2022 to November 2023. He reminded the jury that Mr. Graham and Ms. Pruchnicki testified that labor and material costs have continued to rise significantly since 2023. He called attention to the fact that 22 months had passed since the November 2023 estimate, and he urged the jury to apply the same 1.5 factor from the November 2023 estimate to calculate the current replacement cost of the roof as of the date of the trial in October 2025, which would amount to $966,000.00. He also urged the jury to add 6.5 percent, or $62,800.00, for unplanned contingency expenses, for a total amount of $1,028,800.00, the amount the jury awarded in its verdict.

Safeco does not dispute the 6.5% contingency expense for unforeseen repair items. Rather, it argues that "there was absolutely no evidence admitted at trial that the cost to replace the Plaintiffs' roof was $966,000[,]" and that "[t]he only costs of roof replacement admitted into evidence were the Old World Roofing bid for $424,748.53, and the Renaissance bid for $644,000." (ECF No. 344 at 2).   Safeco moves that the Court reduce the judgment to $685,860 – the $644,000 bid plus 6.5%.

The Court agrees with Safeco that only two written estimates were admitted into evidence at trial – one from 2022 for $424,748.53 and one from 2023 for $644,000.00   But this was not the only evidence regarding the cost of replacing the roof that was submitted to the jury. Two experts testified that the costs that make up a roofing bid – materials and labor – have risen significantly since 2023, and one elaborated that cost escalation remains a big issue since the COVID pandemic. Further, members of the jury could see for themselves that the cost of replacing the roof rose 51.6% between 2022 and 2023, based on the two written estimates.   It would appear that the jury used the two bids as evidence of rising costs and extrapolated that the costs would continue to rise at approximately the same rate. Safeco has not shown that the jury's damage calculation was unreasonable or grossly excessive, or that there was no evidentiary support for the amount in the record.   The Court declines to reduce the amount of the judgment and will deny Safeco's Motion for Remittitur or, in the Alternative, for New Trial.

**C. Plaintiffs' Motion for Relief from Summary Judgment as to Count II**

Finally, Plaintiffs move that the Court revisit the entry of summary judgment against them on their claim for Vexatious Refusal to Pay, Count II.   Once again, Plaintiffs move to set aside the entry of summary judgment as to Count II under Rule 60(b) of the Federal Rules of Civil Procedure, and Plaintiffs make the same arguments they raised in support of their initial motion to set aside summary

judgment as to Count II, which they filed last August. Plaintiffs' only new argument in support of their renewed motion is that they obtained a favorable verdict at trial on their claim for breach of an insurance contract.

The Court declines to reconsider its findings that Plaintiffs and their counsel did not show excusable neglect in failing to respond to Safeco's Motion for Partial Summary Judgment on Count II. As the Court found in its Order dated September 9, 2025, attorney Sheldon Korlin had medical issues in November 2024 in that he was suffering from migraine headaches. That said, he filed documents with the Court around the time Plaintiffs' response to the motion for partial summary judgment as to Count II was due. In fact, on December 3, 2024, he filed a response to a motion to exclude expert testimony that was filed the same day as the motion for partial summary judgment. (ECF Nos. 126, 129 and 144). More importantly, at the time the response was due, Plaintiffs were also represented by attorney John Julian, III. No explanation has ever been provided to the Court as to why Mr. Julian failed to file a response to the motion or ask for an extension. Plaintiffs had nine months to file a response to Safeco's Motion for Partial Summary Judgment as to Count II, and they failed to do so.

The fact that Plaintiffs obtained a favorable verdict as to Count I for breach of an insurance contract does not weigh in favor of setting aside summary judgment as to Count II. As the Court stated in its Order dated September 9, 2025, "a breach

14

of contract claim in an insurance dispute is not the same as a vexatious refusal to pay claim." (ECF No. 260 at 8). The two claims have different elements, and "where there is an open question of law or fact relating to a claim under an insurance policy, the insurer may insist upon a judicial determination of those questions without being penalized for vexatious refusal to pay." *Cockerham v. Am. Fam. Mut. Ins. Co.*, 561 S.W.3d 862, 868 (Mo. Ct. App. 2018). Plaintiffs are not likely to succeed in Count II merely because they obtained a favorable verdict as to Count I.

Finally, the fact that there has been a trial weighs against setting aside the summary judgment in Count II. For relief, Plaintiffs ask that the Court (1) vacate the portion of the August 12, 2025 Opinion, Memorandum and Order granting summary judgment on Count II; (2) vacate only the portion of the Final Judgment as to Count II; and (3) permit Plaintiffs to file their proposed opposition to Safeco's Motion for Partial Summary Judgment on Count II. Notably, Plaintiffs are not asking that the Court vacate the verdict or for a new trial.

Plaintiffs' proposed procedure for relief is no longer practicable at this juncture in the litigation. If the Court were to take up Safeco's Motion for Partial Summary Judgment on Count II and deny it, as Plaintiffs suggest the Court should, this would not entitle Plaintiffs to summary judgment on the claim. Instead, issues of fact would remain, and there would need to be a determination on the merits of the claim by a finder of fact – in other words, a trial. Plaintiffs have not requested

that the Court vacate their $1,028,800.00 verdict; they only request that the entry of judgment on Count II be vacated.  Even if Plaintiffs were to obtain a favorable ruling on summary judgment, the Court would not be inclined to proceed to trial as to Count II, as it would be prejudicial to Safeco to have a separate, second trial on the vexations refusal to pay claim only. Furthermore, Plaintiffs' request for relief would unreasonably delay the carrying out of justice. This case has been pending for more than three years, and "there must be an end to the litigation someday." *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 206 (2025) (quoting *Ackermann v. United States*, 340 U.S. 193, 198 (1950)). The Court declines to set aside the summary judgment on Count II because, among other reasons, it would create of number of difficult procedural and fairness issues and further prolong an end to this litigation.

In sum, the Court finds Plaintiffs' counsel's failure to respond to Safeco's Motion for Partial Summary Judgment as to Count II was not the result of excusable neglect. Further, vacating the entry of judgment as to Count II is procedurally not sound at this point in the litigation. And finally, Plaintiffs have failed to show extraordinary circumstances that would justify relief under Rule 60(b)(6) are present here.

Accordingly,

**IT IS HEREBY ORDERED** that Safeco Insurance Company of America's Motion for Judgment as a Matter of Law Notwithstanding the Verdict or, in the Alternative, for New Trial is **DENIED.** [ECF No. 330]

**IT IS FURTHER ORDERED** that Safeco Insurance Company of America's Motion for Remittitur or, in the Alternative, for New Trial is **DENIED**. [ECF No. 328]

**IT IS FURTHER ORDERED** that Plaintiffs Arindam Kar and Shanna Kar's Motion for Relief from Summary Judgment on Count II is **DENIED**. [ECF No. 326]

**IT IS FURTHER ORDERED** that Safeco Insurance Company of America's Motion for an Order for Production is **DENIED as moot**. [ECF No. 329]

Dated this 15th day of May, 2026.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE