**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

ARINDAM KAR, et al.,                     )
                                         )
    Plaintiffs,                          )
                                         )        No. 4:23-CV-207 HEA
    v.                                   )
                                         )
                                         )
                                         )
SAFECO INSURANCE COMPANY                 )
OF AMERICA, et al.,                      )
                                         )
    Defendants.                          )

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs Arindam Kar and Shanna Kar's Amended Motion for Bill of Costs. (ECF No. 335).   Safeco Insurance Company of America ("Safeco") objects to some of the costs Plaintiffs are seeking. For the reasons set forth below, Plaintiffs' Amended Motion for Bill of Costs is granted with the adjustments, as provided herein.

### *Background and Discussion*

Following a jury verdict in their favor, Plaintiffs filed an Amended Bill of Costs seeking a total of $26,356.74 in costs.   It is presumed that a prevailing party is entitled to costs. Fed. R. Civ. P. 54(d); *168th & Dodge, LP v. Rave Reviews Cinemas, L.L.C.*, 501 F.3d 945, 957 (8th Cir. 2007). "When an expense is taxable as a cost, . . . there is a strong presumption that a prevailing party shall recover it in full measure." *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 498 (8th Cir.

2002) (internal quotation omitted). "The losing party bears the burden of making the showing that an award is inequitable under the circumstances." *Id.* (internal citation and quotation omitted).

That said, allowable costs are generally limited to the categories set forth in 28 U.S.C. § 1920.   The following expenses are taxable as costs under §1920:

> (1)    Fees of the clerk and marshal;
>
> (2)    Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3)    Fees and disbursements for printing and witnesses;
>
> (4)    Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5)    Docket fees under section 1923 of this title;
>
> (6)    Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services.

28 U.S.C. § 1920. Expenses not on the statutory list must be borne by the party incurring them.  *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 442–43 (1987).

Plaintiffs request that they be awarded costs from the following categories: fees to the clerk; fees for service of summons and subpoena; deposition transcript costs; photocopying expenses; fees for witnesses; and "other costs." The Court will address in turn each item of cost sought by Plaintiffs.

## A.    Fees to the Clerk

Plaintiffs seek $151.99 in fees to the clerk. Safeco does not object to this amount, and the cost will be taxed pursuant to 28 U.S.C. § 1920(1).

## B.    Fees for Service of Process

Plaintiffs request costs for payments to special process servers that served a number of summons and subpoenas on their behalf. The Court will not tax costs for any of the special process server fees, because only Marshals' fees are taxable as costs. *See Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985) (holding a prevailing party may not recover costs related to the use of a special process server); *BMO Harris Bank N.A. v. Gorban Transp. Inc.,* No. 4:20-CV-00758 SRC, 2021 WL 5279571, at *1 (E.D. Mo. Nov. 12, 2021) (denying request for fees for service of summons and subpoena where the party used a special process server); *Davis v. Lancatser*, No. 4:13CV1638 HEA, 2019 WL 265098, at *5 (E.D. Mo. Jan. 18, 2019) (same). Therefore, the Court will not tax this cost, which totaled $1,341.75.

## C.    Deposition Transcript Costs

Plaintiffs seek a total of $8,573.75 for transcripts costs and other transcript service fees incurred in depositions of the following witnesses: Jared Wayne Leighton, Andrea Polo-McCullough, Safeco's Corporate Representative, Steven Reese, Tres Gilmore, Kimberly Hands, Mark Joseph Andracsek, Thomas Veasey, Jr., Wesley P. Hamilton, Arindam Kar, Shanna Kar, Jacob Graham, and Susan Pruchnicki.

"A district court has discretion to award costs if the deposition was necessarily obtained for use in a case and was not purely investigate." *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006) (cleaned up). Absent specific objections that depositions were improperly taken, "deposition costs will be taxed as having been necessarily obtained for use in the case within the meaning of 28 U.S.C. § 1920." *Meder v. Everest & Jennings, Inc.*, 553 F. Supp. 149, 150 (E.D. Mo. 1982) (internal quotations and citation omitted).

Safeco objects to deposition costs for Andrea Polo-McCullough, Kimberly Hanks, and its corporate representative because, it argues, these witnesses were neither a trial witness nor was their deposition testimony used at trial. The Court finds Safeco's objection without merit. "The relevant inquiry is not whether the parties used the depositions at trial, but, rather, whether the depositions reasonably seemed necessary at the time they were taken." *Cowden v. BNSF Ry. Co.*, 991 F. Supp. 2d 1084, 1089 (E.D. Mo. 2014) (quoting *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 363 (8th Cir. 1997)) (internal quotations omitted). Additionally, "[e]ven if a deposition is not introduced at trial, a district court has discretion to award costs if the deposition was necessarily obtained for use in case and was not purely investigative." *Id.* (quoting *Smith*, 436 F.3d at 889).

Given the role of the people deposed and the events underlying the action, the Court finds that copies of deposition transcripts for these 13 witnesses were

necessarily obtained for use in the case. The Court further finds that Plaintiffs have provided adequate evidentiary support for their deposition transcript costs.

The Court, however, will subtract some of the deposition costs that Plaintiffs are seeking. Safeco objects to ancillary depositions costs for "Exhibits," "Logistics, Processing & Electronic Files" and "Smart Summary," which it contends are not recoverable under 28 U.S.C. § 1920(2). Plaintiff did not respond to Safeco's objections, and the Court agrees that these costs are not on the statutory list. The Court, therefore, will subtract these costs from the cost award. Pursuant to 28 U.S.C. § 1920(2), deposition transcript costs will be taxed in the amount of $7,749.05.

### D.    Fees for Witnesses

Plaintiffs seek the sum of $167.60 in witness fees. Safeco does not object to this request, and costs will be taxed in the amount of $167.60 pursuant to 28 U.S.C. § 1920(3).

### E.    Copying Costs

Plaintiffs seek the sum of $72.70 in connection with fees for exemplification and copies of papers, which they assert were necessarily obtained for use in this case. Plaintiffs provided no documentation for their copying costs.

Copying costs may be taxed only if the copied items were "necessarily obtained for use in the case." 28 U.S.C. § 1920(4); *Morrissey v. Cnty. Tower Corp.*, 568 F. Supp. 980, 982 (E.D. Mo. 1983). Amounts sought for copy expenses must be documented or itemized in such a way that the Court can meaningfully

evaluate the request. *Yaris v. Special Sch. Dist. of St. Louis Cnty.*, 604 F. Supp. 914, 915 (E.D. Mo. 1985), *aff'd,* 780 F.2d 724 (8th Cir. 1986). The Court finds Plaintiffs' request is inadequately documented and, consequently, the Court cannot evaluate whether the copies were necessarily obtained for use in this case and the expense was reasonable. *Yaris*, 604 F. Supp. at 915; *Morrissey*, 568 F. Supp. at 982. Accordingly, the Court will deny Plaintiffs' copying costs.

### F.    Other Costs

Plaintiffs also request other costs they incurred in this case in an amount totaling $16,049.70. More specifically, Plaintiffs seek expert fees for Haag Engineering in the amount of $1,710.00. They also submitted invoices in the amount of $20,191.36 for expert fees for Bond Architects.[1] Finally, they seek $550.00 for information they obtained from CompuWeather.

Safeco objects to these costs and argues that § 1920(6) does not authorize the award of non-court-appointed expert fees. Plaintiffs did not respond to Safeco's objections, and the Court agrees § 1920 does not authorize the taxation of expert fees as costs. *See Jet Midwest Int'l Co. v. Jet Midwest Grp., LLC*, 93 F.4th 408, 423 (8th Cir. 2024); *Crues*, 768 F.2d at 234. Therefore, the Court will not tax Plaintiffs' claim for "other costs" in the amount of $16,049.70.

---

[1]It is not clear how Plaintiffs calculated "other costs," and it appears that some of the invoices from Bond Architects are duplicates.

*Conclusion*

In conclusion, the Court will grant in part and deny in part Plaintiffs' Amended Bill of Costs. The Court will award Plaintiffs the following costs pursuant to Federal Rule of Civil Procedure 54(d):

| | |
|---|---|
| Fees to the Clerk | $151.99 |
| Deposition Transcript Costs | $7,749.05 |
| Fees for Witnesses | $167.60 |
| Total | $8,068.64 |

Accordingly,

**IT IS HEREBY ORDERED** that consistent with the terms of this Opinion, Memorandum and Order, Plaintiffs Arindam Kar and Shanna Kar's Amended Motion for Bill of Costs is **GRANTED in part and DENIED in part**. [ECF No. 335]. The Clerk of Court shall tax costs against Defendant Safeco Insurance Company of America and in favor of Plaintiffs Arindam Kar and Shanna Kar in the amount of Eight Thousand Sixty-Eight Dollars and Sixty-Four Cents ($8,068.64).

**IT IS FURTHER ORDERED** that Plaintiffs Arindam Kar and Shanna Kar's Motion for Bill of Costs and Defendant Safeco Insurance Company of America's Motion for Extension of Time to respond to the Bill of Costs are **DENIED as moot.** [ECF Nos. 325 and 332]

Dated this 15th day of May, 2026.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE